[Cite as *State v. Clouser*, 2012-Ohio-1711.]

STATE OF OHIO      )                 IN THE COURT OF APPEALS
                         )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                        C.A. No.     26060

     Appellee

     v.                          APPEAL FROM JUDGMENT
                                ENTERED IN THE
DAVID A. CLOUSER            COURT OF COMMON PLEAS
                                COUNTY OF SUMMIT, OHIO
     Appellant                CASE No.    CR 10 12 3371

DECISION AND JOURNAL ENTRY

Dated: April 18, 2012

WHITMORE, Presiding Judge.

{¶1}    Defendant-Appellant, David Clouser, appeals from the judgment of the Summit County Court of Common Pleas.  This Court reverses.

I

{¶2}    In 2009, Clouser pleaded guilty to having weapons under disability in Case No. CR 2008-10-3387, received a one-year suspended sentence, and was placed on community control.  While on community control, Clouser was arrested for another incident.  As a result of that incident, on December 29, 2010, a grand jury indicted Clouser on the following counts: (1) three counts of assault, in violation of R.C. 2903.13(A); (2) two counts of disrupting public services, in violation of R.C. 2909.04(A)(1) and 2909.04(A)(3), respectively; (3) aggravated menacing, in violation of R.C. 2903.21; and (4) obstructing official business, in violation of R.C. 2921.31(B).  A plea hearing took place on February 18, 2011.

{¶3} At the plea hearing, the State dismissed the charge of disrupting public services and the charge of obstructing official business in exchange for Clouser pleading guilty to the remaining five charges. The trial court also found that, by incurring new charges, Clouser violated the terms of his community control in Case No. CR 2008-10-3387. The court stated that it would impose the original suspended sentence of one year in Case No. CR 2008-10-3387, as well as a six-month prison sentence in this case. Due to a medical condition, however, the court granted Clouser's request to defer the execution of his sentence for one week so that he could see his doctor before reporting for incarceration. The court informed Clouser that if he failed to report to the Summit County Jail by 6 p.m. on February 25, 2011, the court "reserves the right to bring you back in to court and reimpose a different sentence on your weapon under disability charge, which is currently one year, and could go up to five." Clouser never reported as ordered because he committed additional felonies during his one-week release and was incarcerated on the day he was to report. The court journalized its sentencing entry in this case, Case No. CR 2010-12-3371, on March 15, 2011. The sentencing entry imposes a six-month prison sentence on Clouser's fourth-degree felony assault count with all other counts to run concurrently.

{¶4} Another hearing took place on June 9, 2011. At the hearing, the trial court indicated that it was vacating its prior sentence and imposing an additional sanction due to Clouser's failure to appear at the Summit County Jail. The court reasoned that Clouser's sentence was subject to modification because it had yet to be executed. The court increased Clouser's prison sentence on the fourth-degree felony assault count to eighteen months. The court journalized its sentencing entry on July 5, 2011.

{¶5} Clouser now appeals from the court's sentencing entry in Case No. CR 2010-12-3371 and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION IN RESENTENCING APPELLANT TO AN ENHANCED TERM OF IMPRISONMENT PURSUANT TO R.C. 2949.06.

{¶6}   In his sole assignment of error, Clouser argues that the trial court lacked authority to increase his sentence.  Specifically, he argues that the trial court lacked jurisdiction to modify the final judgment it issued in March 2011.  We agree.

{¶7}   The Ohio Supreme Court recently addressed this issue.  In *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, the Court held that a trial court lacks authority to modify a final criminal sentence even if the sentence has yet to be executed.  *Carlisle* at ¶ 16.  The Court explained that, the stay of an execution of a sentence does not detract from the sentence's finality as, "[a] criminal sentence is final upon issuance of a final order" in compliance with Crim.R. 32(C).  *Id.* at ¶ 11.  The Court noted that, to the extent there once existed authority for the proposition that a sentence could be modified up until the point of execution, those authorities are "now defunct" as they "were premised on a statute that has since been repealed."  *Id.* at ¶ 13, 15.  Consequently, the Court agreed that the trial court lacked authority to modify Carlisle's sentence after journalization and remanded the matter to the trial court for execution of the original sentence.  *Id.* at ¶ 17.

{¶8}   Much like the trial court in *Carlisle*, the trial court here attempted to vacate and modify Clouser's final judgment under the auspices of it not yet having been executed.  The trial court lacked authority to do so.  *Id.* at ¶ 16-17.  The court issued Clouser's final criminal sentence on March 15, 2011, as that sentencing entry complies with Crim.R. 32(C) and the requirements set forth in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, syllabus.

Clouser's argument that the trial court lacked authority to modify that sentencing entry has merit and his assignment of error is sustained on that basis.

## III

{¶9} Clouser's sole assignment of error is sustained. The trial court's July 5, 2011 sentencing entry is vacated, and its original sentencing entry, dated March 15, 2011, is reinstated. The judgment of the Summit County Court of Common Pleas is vacated.

Judgment vacated.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

CARR, J.
DICKINSON, J.
CONCUR.

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.