[Cite as *State v. Croskey*, 2014-Ohio-2608.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff-Appellee

-vs-

ANTONIO G. CROSKEY

      Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Craig R. Baldwin, J.

Case No. 13CA102

O P I N I O N

CHARACTER OF PROCEEDING:       Appeal from the Richland County Court of
Common Pleas, Case No. 2008 CR 0117H

JUDGMENT:       Vacated

DATE OF JUDGMENT ENTRY:       June 16, 2014

APPEARANCES:

For Plaintiff-Appellee

JAMES J. MAYER, R.
Prosecuting Attorney
Richland County, Ohio

By: JILL M. COCHRAN
Assistant Richland County Prosecutor
38 South Park Street
Mansfield, Ohio 44902

For Defendant-Appellant

EDWIN J. VARGAS
The Vargas Law Firm Co., L.P.A.
1956 West 25th Street, Suite 302
Cleveland, Ohio 44113

*Hoffman, P.J.*

{¶1}  Defendant-appellant Antonio Croskey appeals his sentence entered by the Richland County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2}  On April 30, 2008, Appellant entered a plea of guilty to the charges of drug possession, in violation of R.C. 2925.11, a felony of the second degree; and failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331, a felony of the third degree.

{¶3}  On May 19, 2008, the trial court sentenced Appellant to two years in prison on the drug possession charge, and three years of community control sanctions on the failure to comply charge, to be served after release from the prison term. The May 19, 2008 sentencing entry did not state a prison term for violation of the community control sanctions.  Rather, the sentencing entry left blank the line indicated for a term of imprisonment for a community control sanction violation.[2]

{¶4}  On December 5, 2012, the trial court filed an amended sentencing entry amending Appellant's sentence to add a stated prison term of two years for violation of the community control sanctions.

{¶5}  On October 23, 2013, the trial court conducted a probation violation hearing finding Appellant a probation violator.  The trial court then imposed a prison sentence of two years as stated in the amended sentencing entry.

{¶6}  Appellant appeals, assigning as error:

---

[1]  A rendition of the underlying facts is unnecessary for the resolution of this appeal.
[2]  A transcript of the sentencing hearing has not been included in the record for this appeal.

{¶7} "I. THE TRIAL COURT WAS WITHOUT JURISDICTION AND ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S CONSTITUTIONAL AND STATUTORY RIGHT WHEN IT SENTENCED APPELLANT TO PRISON ALTHOUGH IT NEVER NOTIFIED APPELLANT IN ITS JOURNAL ENTRY WHAT THAT PRISON [SIC] WOULD BE A SANCTION FOR VIOLATING COMMUNITY CONTROL."

{¶8} The trial court's May 19, 2008 Sentencing Entry states,

{¶9} "As to Count Two (2): The court has considered the factors in R.C. 2929.13 and sentences the defendant to __3__ years of Community Control* (to begin upon release from prison on count one) to include the conditions and sanctions listed on the attached sheet. Violation of community control will lead to a prison term of ____ months/years and 5 years of post release control. ***"

{¶10} In *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, the Ohio Supreme Court held,

{¶11} "Moreover, a trial court lacks the authority to reconsider its own valid, final judgment in a criminal case, with two exceptions: (1) when a void sentence has been imposed and (2) when the judgment contains a clerical error. *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, citing Crim.R. 36. The court of appeals in this case suggested that the latter exception applied and that nothing more than a nunc pro tunc entry was invoked. Not so.

{¶12} "A clerical error or mistake refers to ' 'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.' ' *Cruzado,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting *State v. Brown* (2000), 136 Ohio App.3d 816, 819–820, 737 N.E.2d

1057.'Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, 'nunc pro tunc entries 'are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided.' ' ' *Cruzado,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting *State ex rel. Mayer v. Henson,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14, quoting *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288. The amended journal entry in this case may reflect what the trial court *should have decided* at sentencing. It does not reflect what the trial court did decide but recorded improperly. Thus, the use of the nunc pro tunc entry to impose restitution upon Miller was improper because it does not reflect the events that actually occurred at the sentencing hearing.

{¶13} "Notably, the determination of restitution entails a substantive legal decision or judgment and is not merely a mechanical part of a judgment. Restitution is a financial sanction, based on a victim's economic loss, that is imposed by a judge as part of a felony sentence. See R.C. 2929.18(A)(1). See also *State v. Danison,* 105 Ohio St.3d 127, 2005-Ohio-781, 823 N.E.2d 444, syllabus. It is not an order that is so 'mechanical in nature' that its omission can be corrected as if it were a clerical mistake. *Londrico v. Delores C. Knowlton, Inc.* (1993), 88 Ohio App.3d 282, 285, 623 N.E.2d 723. As the dissenting judge stated, a nunc pro tunc order cannot cure the failure of a judge to impose restitution in the first instance at sentencing. *Miller,* 2009-Ohio-3307, 2009 WL 1914620, ¶ 24. Accord *Caprita v. Caprita* (1945), 145 Ohio St. 5, 30 O.O. 238, 60 N.E.2d 483, paragraph two of the syllabus (a nunc pro tunc entry corrects a judicial record that fails to show a correct order or judgment of the court because the order or

judgment was not recorded properly in the first place). We agree and therefore hold that a court may not use a nunc pro tunc entry to impose a sanction that the court did not impose as part of the sentence."

{¶14} The Ninth District addressed the issue in *State v. Clouser*, 9th Dist. No. 26060, 2012-Ohio-1711, holding:

{¶15} "The Ohio Supreme Court recently addressed this issue. In *State v. Carlisle,* 131 Ohio St.3d 127, 2011–Ohio–6553, the Court held that a trial court lacks authority to modify a final criminal sentence even if the sentence has yet to be executed. *Carlisle* at ¶ 16. The Court explained that, the stay of an execution of a sentence does not detract from the sentence's finality as, '[a] criminal sentence is final upon issuance of a final order' in compliance with Crim.R. 32(C). *Id.* at ¶ 11. The Court noted that, to the extent there once existed authority for the proposition that a sentence could be modified up until the point of execution, those authorities are 'now defunct' as they 'were premised on a statute that has since been repealed.' *Id.* at ¶ 13, 15. Consequently, the Court agreed that the trial court lacked authority to modify Carlisle's sentence after journalization and remanded the matter to the trial court for execution of the original sentence. *Id.* at ¶ 17.

{¶16} "Much like the trial court in *Carlisle,* the trial court here attempted to vacate and modify Clouser's final judgment under the auspices of it not yet having been executed. The trial court lacked authority to do so. *Id.* at ¶ 16–17. The court issued Clouser's final criminal sentence on March 15, 2011, as that sentencing entry complies with Crim.R. 32(C) and the requirements set forth in *State v. Baker,* 119 Ohio St.3d 197, 2008–Ohio–3330, syllabus. Clouser's argument that the trial court lacked authority to

modify that sentencing entry has merit and his assignment of error is sustained on that basis."

**{¶17}**  Based on the above authority, we find the trial court erred in amending the May 19, 2008 sentencing entry.  The sentencing entry was a final sentence in which the trial court failed to include a prison term for a violation of post release control.  The sentencing entry was not void due to the trial court's failure to do so.  Therefore, we find the trial court's December 5, 2012 amended sentencing entry of no effect.  Because the original May 19, 2008 sentencing entry does not indicate a term of prison for violation of community control sanctions, we sustain the assignment of error.  The trial court's imposition of the two year prison sentence in its October 24, 2013 Community Control Violation Journal Entry is vacated.

By: Hoffman, P.J.

Farmer, J.  and

Baldwin, J. concur