[Cite as *State v. Hunt*, 2020-Ohio-6707.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 29598 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHAD HUNT | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2018-12-4229 |

DECISION AND JOURNAL ENTRY

Dated: December 16, 2020

HENSAL, Judge.

{¶1} Chad Hunt appeals a judgment of the Summit County Court of Common Pleas that modified his sentence for aggravated possession of drugs. For the following reasons, this Court reverses.

I.

{¶2} Mr. Hunt pleaded guilty to one count of aggravated possession of drugs. The trial court sentenced him to 24 months in prison. It also ordered that his sentence would run concurrent to the sentences he had received in a few other cases. The court gave Mr. Hunt three days to report to begin his sentence.

{¶3} Mr. Hunt did not report at the required time. When he was located and returned to court, the trial court modified his sentence, ordering him to serve it consecutive to the sentences he had received in the other cases. Mr. Hunt has appealed, assigning as error that the trial court improperly modified his sentence. The State agrees with Mr. Hunt's argument.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION/LACKED AUTHORITY TO
MODIFY APPELLANT'S SENTENCE AFTER FINAL JUDGMENT.

{¶4} Mr. Hunt argues that the trial court improperly modified his sentence. In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.

{¶5} "A criminal sentence is final upon issuance of a final order." *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, ¶ 11. "[A] trial court lacks authority to modify a final criminal sentence even if the sentence has yet to be executed." *State v. Clouser*, 9th Dist. Summit No. 26060, 2012-Ohio-1711, ¶ 7. In *Carlisle*, the Ohio Supreme Court explained that there was once authority for a trial court to modify a sentence up until it was executed, but that authority had become defunct because it was premised on a statute that had been repealed. *Carlisle* at ¶ 13-16. We, therefore, conclude that the trial court did not have authority to modify Mr. Hunt's sentence. *Clouser* at ¶ 8 (concluding that trial court could not modify sentence "under the auspices of it not yet having been executed."). Mr. Hunt's sentence is "contrary to law" under Section 2953.08(G)(2). The assignment of error is sustained.

III.

**{¶6}** Mr. Hunt's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for the trial court to reimpose Mr. Hunt's original sentence.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.