OPINION
{¶ 1} Corey Plunkett entered pleas of no contest and was found guilty of three indicted counts of trafficking in marijuana. Two counts were pursuant to R.C. 2925.03(A)(1) and (C)(3)(b) — fourth degree felonies — and one count was pursuant to R.C. 2925.03(A)(1) and (C)(3)(a) — a fifth degree felony. The court imposed concurrent sentences of eleven months on each count.
 {¶ 2} Plunkett assigns error as follows:
 {¶ 3} "THE TRIAL COURT ERRED AND ACTED CONTRARY TO LAW BY FAILING TO PROPERLY CONSIDER ALL SENTENCING FACTORS AS REQUIRED BY OHIO STATUTORY LAW AND BY FAILING TO IMPOSE THE MINIMUM SENTENCE REQUIRED."
 {¶ 4} Plunkett first argues that the trial court failed to consider the R.C. 2929.13(B)(1) factors. Plunkett is correct, but we think that the State is also correct that as to these fourth and fifth degree felony drug cases, the court was not required to consider these factors.
 {¶ 5} R.C. 2929.13(B)(1) begins as follows:
 {¶ 6} "(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:" (Emphasis added).
 {¶ 7} R.C. 2929.13(E)(1) states:
 {¶ 8} "Except as provided in division (F) of this section, for any drug offense that is a violation of any provision of Chapter 2925. of the Revised Code and that is a felony of the third, fourth, or fifth degree, the applicability of a presumption under division (D) of this section in favor of a prison term or of division (B) or (C) of this section indetermining whether to impose a prison term for the offense shallbe determined as specified in section 2925.02, 2925.03,2925.04, 2925.05, 2925.06, 2925.11, 2925.13, 2925.22, 2925.23,2925.36, or 2925.37 of the Revised Code, whichever is applicable regarding the violation." (Emphasis added).
 {¶ 9} R.C. 2925.03(A)(1) and (C)(3)(a)(b) states in pertinent part:
 {¶ 10} "(3) If the drug involved in the violation is marihuana or a compound, mixture, preparation, or substance containing marihuana other than hashish, whoever violates division (A) of this section is guilty of trafficking in marihuana. The penalty for the offense shall be determined as follows:
 {¶ 11} "(a) Except as otherwise provided in division (C)(3)(b), (c), (d), (e), (f), or (g) of this section, trafficking in marihuana is a felony of the fifth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.
 {¶ 12} "(b) Except as otherwise provided in division (C)(3)(c), (d), (e), (f), or (g) of this section, if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in marihuana is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."
 {¶ 13} Finally, R.C. 2929.13(C) states:
 {¶ 14} "(C) Except as provided in division (E), (F), or (G) of this section, in determining whether to impose a prison term as a sanction for a felony of the third degree or a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to this division for purposes of sentencing, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."
 {¶ 15} Briefly, R.C. 2929.13(B)(1) dispenses with the need to consider the (B)(1) factors for certain drug offenses described at R.C. 2929.13(E). Plunkett's offenses are among those described in R.C. 2929.13(E), and R.C. 2925.03(A)(1) and (C)(1)(a)(b) provide that whether to impose sentence is to be determined pursuant to R.C. 2929.13(C), which only requires compliance with R.C. 2929.11 and R.C. 2929.12.
 {¶ 16} Thus, and somewhat tortuously, the legislature has avoided the "seeming redundancy" that the State fears would exist were the court required to consider both the R.C. 2929.12 factors and the R.C. 2929.13(B)(1) factors.
 {¶ 17} We acknowledge that we have discussed the R.C.2929.13(B)(1) factors in the context of a fifth degree felony possession of cocaine case. State v. Kelly (June 17, 2005), Greene App. No. 2004 CA 122. Applying the above analysis to that case, disposition should have been pursuant to R.C. 2929.13(C) by operation of R.C. 2925.03(A)(1) and (C)(4)(a). In that case, however, Kelly argued non-compliance with R.C. 2929.13(B)(1) and the State did not argue, as the State does here, that R.C.2929.13(B)(1) does not apply to these drug offenses.
 {¶ 18} Plunkett also complains that the trial court failed to consider the seriousness factors of R.C. 2929.12(B)(C).
 {¶ 19} This complaint is belied by the record. At sentencing, the trial court stated:
 {¶ 20} "Under the seriousness factors, there's no reason to believe this case is either more or less serious than the average case of this nature."
 {¶ 21} This was sufficient to comply with R.C. 2929.12. SeeState v. Arnett (2000), 88 Ohio St.3d 208, 215.
 {¶ 22} The assignment of error is overruled.
 {¶ 23} The judgment will be affirmed.
Grady, P.J. and Donovan, J., concur.