The STATE of Ohio, Appellee,

v.

PLUNKETT, Appellant.

[Cite as *State v. Plunkett,* 186 Ohio App.3d 408, 2009-Ohio-5307.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 09CA25.

Decided Oct. 2, 2009.

Anthony E. Kendell, Assistant Prosecuting Attorney, for appellee.

Andrew R. Pratt, for appellant.

GRADY, Judge.

{¶ 1} Defendant, Corey L. Plunkett, appeals from a judgment of the common pleas court, which ordered that execution of a sentence that had been stayed for purposes of defendant's appeal would recommence only after defendant completed serving a sentence for another offense he had committed in the interim.

{¶ 2} Defendant was convicted in 2005 on three counts of trafficking in marijuana in common pleas court case No. 05CR152. On September 29, 2009, defendant was sentenced to serve an 11-month prison term for each offense, those terms to run concurrently. On October 12, 2005, defendant was conveyed to the Corrections Reception Center at Orient, Ohio, to begin serving his sentences.

{¶ 3} Defendant filed a notice of appeal from his convictions and sentences in case No. 05CR152. The trial court denied defendant's request to stay execution of his sentences. On November 16, 2005, this court ordered a stay, contingent on defendant's posting an appeal bond. Defendant did, and was released after having served 48 days of his concurrent 11-month sentences.

{¶ 4} On October 2, 2006, we affirmed defendant's convictions and sentences on direct appeal. *State v. Plunkett*, Miami App. No. 2005CA38, 2006-Ohio-5130, 2006 WL 2795389. That disposition automatically terminated the appeal bond we had ordered. Crim.R. 46(H). However, because we had not furnished the common pleas court with a copy of our stay order of November 16, 2005, that court was unaware of the matter. Therefore, the common pleas court took no steps

following our judgment to return defendant to the custody of the state. Neither did the prosecutor make the court aware of the need to do anything.

{¶ 5} Defendant remained free until 2008, when he was arrested and charged in case No. 08CR343 with commission of another criminal offense. Defendant was convicted and sentenced to prison in that case. After he began serving that sentence in case No. 08CR343, defendant's attorney on June 2, 2009, filed a motion asking the court to order further execution of the 11-month concurrent sentences it imposed in case No. 05CR152.

{¶ 6} The trial court acted promptly on defendant's request, and on June 3, 2009, ordered defendant to serve and complete the sentences imposed in case No. 05CR152, "commencing on December 31, 2009, or such earlier date on which he may be released in Miami County Case No. 08CR343." The court also awarded defendant credit for the 48 days he spent in prison in 2005 serving the sentences imposed in case No. 05CR152 prior to his release on an appeal bond.

{¶ 7} Defendant filed a notice of appeal from the final judgment of June 3, 2009.

### Assignment of Error

{¶ 8} "The trial court erred and acted contrary to law by modifying a valid sentence that had already been put into execution."

{¶ 9} To begin with, we acknowledge that our failure to make the trial court aware of the stay of execution we ordered resulted in the common pleas court's inaction in not returning defendant to state custody following our decision in his first direct appeal. This court's practice is to make sentencing courts aware of any stays of execution we order, and in this instance we failed to do so. Having said that, we will address the legal issue that defendant's assignment of error presents.

{¶ 10} As a general rule, once a defendant has commenced serving his sentence, the trial court no longer has the authority to modify or amend that sentence, except as specifically provided by the General Assembly. *State v. Addison* (1987), 40 Ohio App.3d 7, 530 N.E.2d 1335; *State v. Garretson* (2000), 140 Ohio App.3d 554, 748 N.E.2d 560; *State v. Evans,* 161 Ohio App.3d 24, 2005-Ohio-2337, 829 N.E.2d 336. The execution of a sentence commences when defendant is delivered into the custody of the penal institution. Id.

{¶ 11} Defendant commenced serving his 11-month sentence in case No. 05CR152 on October 12, 2005, when he was delivered into the custody of the state penal institution. He had served 48 days of that sentence when he was released pursuant to an appeal bond that satisfied a stay of execution of sentence ordered by this court on November 16, 2005. That stay of execution terminated on

October 2, 2006, when we affirmed defendant's conviction and sentence. Thereafter, the remainder of defendant's 11-month sentences was subject to further execution by his return to state custody.

{¶ 12} Defendant was returned to state custody on the date he was committed for that purpose by an order entered in case No. 08CR343. The record before us does not demonstrate what that date was. It was the task of the Department of Rehabilitation and Correction to reconcile the two sentences for purpose of their execution.

{¶ 13} The trial court was not without authority to grant relief on the motion defendant filed on June 2, 2009. However, the relief the court could grant was confined to requiring that further execution of defendant's sentence in case No. 05CR152 would commence when defendant was committed to state custody, which on this record was when he was committed in case No. 08CR343. The trial court erred when it ordered execution of the sentence in case No. 05CR152 would instead commence when defendant completed serving his sentence in case No. 08CR343.

{¶ 14} We share the trial court's evident concern that defendant enjoyed a period of freedom following termination of his appeal bond to which he was not entitled. Any penalty defendant should suffer as a result must, nevertheless, be imposed through a separate proceeding. By ordering the remainder of defendant's sentence in case No. 05CR152 served following completion of his sentence in case No. 08CR343, the court added a consecutive feature to the sentence in case No. 05CR152 that the court had not previously ordered. Because that prior sentence was a final order, and lacking any specific statutory authority to thereafter modify the sentence, the trial court was without authority to amend defendant's sentence in case No. 05CR152 as it did.

{¶ 15} The assignment of error is sustained. The trial court's order of June 3, 2009 will be modified to provide that execution of defendant's sentence in case No. 05CR152 will recommence on the date defendant was committed to state custody in case No. 08CR343. As modified, the judgment of June 3, 2009, is affirmed. Pursuant to App.R. 27, the case is remanded to the trial court for the limited purpose of executing our judgment by advising the Department of Rehabilitation and Correction of its terms.

Judgment accordingly.

FROELICH and FRENCH, JJ., concur.

JUDITH L. FRENCH, J., of the Tenth Appellate District, sitting by assignment.