THE STATE OF OHIO, APPELLEE, *v*. CARLISLE, APPELLANT.

[Cite as *State v. Carlisle,* 131 Ohio St.3d 127, 2011-Ohio-6553.]

*Sentencing—Trial court's authority to modify sentence before sentence's execution—Repeal of authorizing statute withdrew court's authority to modify sentence—Judgment affirmed.*

(No. 2010-2158—Submitted October 18, 2011—Decided December 22, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 93266, 2010-Ohio-3407.

_____

**O'CONNOR, C.J.**

{¶ 1} This appeal involves the question of whether the trial court had authority to modify Carlisle's criminal sentence. Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment. For the reasons explained below, the trial court lacked the requisite authority to modify Carlisle's sentence. Accordingly, we affirm the judgment of the court of appeals.

**RELEVANT BACKGROUND**

{¶ 2} On June 8, 2007, a jury found Jack Carlisle guilty of kidnapping and gross sexual imposition ("GSI") in connection with the sexual assault of his 6-year-old foster daughter. On July 11, 2007, the trial court sentenced Carlisle to three years' imprisonment for kidnapping and one year of imprisonment for GSI, to be served concurrently, followed by five years of mandatory postrelease control. The trial court also classified Carlisle as a sexually oriented offender, granted him 278 days of jail-time credit, and suspended execution of his sentence and continued his bond pending appeal. On July 13, 2007, the clerk journalized the final, appealable order that reflected his sentence.

**{¶ 3}** On appeal, Carlisle challenged his convictions but did not raise any issues regarding his sentence. *State v. Carlisle,* Cuyahoga App. No. 90223, 2008-Ohio-3818 (*"Carlisle I"*), ¶ 1. On July 31, 2008, the Eighth District Court of Appeals affirmed Carlisle's convictions, issued a special mandate to the trial court to carry the judgment into execution, revoked his bail, and remanded the case to the trial court for execution of sentence. Id. at ¶ 63. Carlisle unsuccessfully moved the court of appeals to reconsider its merit opinion based on the appellate court's alleged misapplication of the rape-shield law, and the court of appeals stayed execution of Carlisle's sentence pending appeal to this court. On February 4, 2009, we declined jurisdiction. *State v. Carlisle*, 120 Ohio St.3d 1508, 2009-Ohio-361, 900 N.E.2d 624.

**{¶ 4}** Having exhausted his appeals and facing revocation of his bond and imprisonment, on February 19, 2009, Carlisle moved the trial court to reconsider and modify his sentence. Asserting that he suffers from chronic, life-threatening conditions, Carlisle argued that the trial court had authority to modify his sentence because the sentence had not been "executed," i.e., Carlisle had not yet been delivered to the state penal institution. The motion posited, "[T]his Court must ask itself whether Mr. Carlisle's punishment is worth the cost" in light of his "expensive" medical treatment, including kidney dialysis three times a week.

**{¶ 5}** In opposing the motion, the state acknowledged the significant medical expenses associated with Carlisle's incarceration but represented, essentially, that it was willing to bear those costs in light of the seriousness of the offenses. It further argued that Carlisle's medical conditions did not prevent him from committing the offenses and, therefore, incarceration was necessary for the protection of the community. The court granted the defense motion and set a resentencing date. The state then filed an amended response asserting that the trial court lacked authority to modify its final judgment.

**{¶ 6}** On April 2, 2009, the trial court vacated Carlisle's sentence "due to change of circumstances" and conducted a resentencing hearing, where Carlisle's attorneys noted that his dialysis alone costs Medicare and his private insurer nearly $100,000 a year. At the hearing, the court mentioned that the state is "cutting budgets everywhere" and that "the costs in this situation are going to be astronomical." It then found that Carlisle did not pose a threat to the community and imposed a sentence of five years of community control.

**{¶ 7}** The court of appeals reversed. *State v. Carlisle*, Cuyahoga App. No. 93266, 2010-Ohio-3407 ("*Carlisle II*"), ¶ 49. In so doing, the court of appeals agreed with Carlisle that a trial court has authority to modify a criminal sentence until the defendant is delivered to the prison to begin serving the sentence, holding, "[I]n criminal cases, a judgment is not considered final until the sentence has been ordered into execution." Id. at ¶ 10, citing *State v. Garretson* (2000), 140 Ohio App.3d 554, 558-559, 748 N.E.2d 560. It concluded, however, that the trial court lacked authority to modify Carlisle's sentence because his convictions had been affirmed on appeal. Id. at ¶ 13. It held that *State ex rel. Special Prosecutors v. Judges*, *Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97, 9 O.O.3d 88, 378 N.E.2d 162, dictates that a judgment of a reviewing court is "controlling upon the lower court as to all matters within the compass of the judgment." Id. Even though Carlisle's appeal addressed only the determinations of his guilt, and not his sentence, the court of appeals reasoned that res judicata operated to bring Carlisle's sentence within the compass of the judgment because Carlisle could have challenged his sentence on appeal. Id. at ¶ 14. Accordingly, the court of appeals held that the trial court on remand was authorized to carry out only the appellate court's special mandate to execute Carlisle's sentence, not to modify it. Id. at ¶ 16.

**{¶ 8}** We accepted Carlisle's discretionary appeal from that judgment. *State v. Carlisle*, 128 Ohio St.3d 1411, 2011-Ohio-828, 942 N.E.2d 384. He set

forth one proposition of law: "This court's holding in *Special Prosecutors* does not divest the trial court of its jurisdiction to modify a sentence that has not yet been executed even if the sentence modification occurs following the direct appeal."

**{¶ 9}** At the threshold, we note that Carlisle's proposition presupposes that absent a mandate from the court of appeals, a trial court necessarily has authority to modify a sentence that has not been executed. Not so. Consequently, *Special Prosecutors,* which discusses the mandate rule, does not control our analysis. Instead, application of *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, which explained the general rule that a trial court lacks authority to modify a final criminal judgment, is dispositive.

## ANALYSIS

**{¶ 10}** Carlisle concedes that a trial court lacks statutory authority to modify a final sentence. But Carlisle claims that the trial court had unfettered authority to resentence him because his sentence had not yet been executed and, therefore, was not yet final. We disagree.

**{¶ 11}** A criminal sentence is final upon issuance of a final order. See, e.g., *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 337, 686 N.E.2d 267 (a trial court had authority to vacate a finding of guilt and imposition of sentence and order the defendant to face trial on a more serious charge because the judgment had never been journalized by the clerk pursuant to Crim.R. 32); see also *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, as modified by *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, at syllabus (a judgment of conviction is final when the order sets forth (1) the fact of the conviction; "(2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court").

**{¶ 12}** In this case, a valid judgment of conviction was journalized on July 13, 2007, yet the trial court purported to modify Carlisle's sentence nearly two

years later. The trial court's attempt to do so was improper. See *Johnson v. Sacks* (1962), 173 Ohio St. 452, 454, 20 O.O.2d 76, 184 N.E.2d 96; *Walker v. Maxwell* (1965), 1 Ohio St.2d 136, 138, 30 O.O.2d 487, 205 N.E.2d 394; *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038; *State ex rel. Massie v. Rogers* (1997), 77 Ohio St.3d 449, 450, 674 N.E.2d 1383 (all recognizing that sentencing errors are an improper exercise of jurisdiction).

{¶ 13} Carlisle's argument that a sentence is not final until it is executed evolved from trial courts' now defunct authority to modify a criminal sentence at any time before it is executed. See *State v. Addison* (1987), 40 Ohio App.3d 7, 530 N.E.2d 1335, syllabus. As a consequence, the case law that appears to support Carlisle's position suffers from a fundamental flaw: it relies on now-repealed statutes.

{¶ 14} In *Addison*, the defendant sought a sentence modification from the trial court under the now-repealed "shock probation" statute, former R.C. 2947.061(B), 146 Ohio Laws, Part I, 100, 116-117, which authorized trial courts to impose probation on defendants who had served a specified portion of their prison sentences (thereby receiving the shock of incarceration). Id. at 7-8. The trial court had properly denied the motion under former R.C. 2947.061(B), but had modified the underlying sentence. The court of appeals held that the trial court had no authority to do so because the modification had not been authorized by statute. Id. at 8. Id. In so holding, the Tenth District Court of Appeals held that the only authority for trial courts to modify final criminal sentences was former R.C. 2929.51(A), 143 Ohio Laws, Part III, 4170, 4216, now repealed, which provided that after sentencing for a felony up to the time the defendant is delivered to the institution where he is to serve sentence, the court may suspend the sentence and place the defendant on probation. The Tenth District Court of Appeals concluded, "Once a sentence has been executed, the trial court no longer has the power to modify the sentence except as provided by the legislature." Id.

at 8-9. Similarly, the Fifth District Court of Appeals analyzed former R.C. 2929.51 and reached the same conclusion. *State v. Lambert*, Richland App. No. 03-CA-65, 2003-Ohio-6791, at ¶ 17 ("Once the defendant has been delivered into the custody of the institution in which he is to serve his sentence, the trial court's authority to suspend sentence under R.C. 2929.51(A) terminates * * *").

{¶ 15} Some courts of appeals have continued to cite the conclusion reached in *Addison* and *Lambert* as a stand-alone proposition, even though *Addison* and *Lambert* were premised on a statute that has since been repealed. See, e.g., *State v. Plunkett*, 186 Ohio App.3d 408, 2009-Ohio-5307, 928 N.E.2d 760, ¶ 10 (citing *Addison* for authority that "[a]s a general rule, once a defendant has commenced serving his sentence, the trial court no longer has the authority to modify or amend that sentence, except as specifically provided by the General Assembly"). In turn, that logic has been extended to conclude that a criminal sentence is not final until it is executed, thereby creating the illusion of compliance with our rule in *Cruzado*. *Carlisle II*, 2010-Ohio-3407, ¶ 10, citing *Garretson*, 140 Ohio App.3d at 558-559, 748 N.E.2d 560, citing *Addison* for authority that "[o]nce the trial court has carried into execution a valid sentence as authorized above [under R.C. 2949.05], it may no longer amend or modify that sentence." These holdings are unsound. Neither Carlisle nor the courts of appeals can rely on them.

{¶ 16} Notwithstanding the repeal of R.C. 2929.51(A), Carlisle argues that a trial court retains the authority to modify a final criminal sentence until it is executed because the General Assembly has not expressly prohibited such modifications. We disagree. The repeal of R.C. 2929.51(A) unequivocally constituted a withdrawal of the authority provided under that section. *State ex rel. Carmean v. Hardin Cty. Bd. of Edn.* (1960), 170 Ohio St. 415, 419, 11 O.O.2d 162, 165 N.E.2d 918 (repeal of a statute is the abrogation or destruction of that law).

6

## CONCLUSION

{¶ 17} For the reasons explained, the judgment of the court of appeals is affirmed, albeit on different grounds from those relied on by that court, and this cause is remanded to the common pleas court to execute the original sentence.

Judgment affirmed

and cause remanded.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, for appellant.

Alexandra T. Schimmer, Solicitor General, and David M. Lieberman, Deputy Solicitor, urging affirmance for amicus curiae Ohio Attorney General Michael DeWine.

_____