[Cite as *State v. Eltringham*, 2014-Ohio-4149.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 13 CO 7 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JOSEPH ELTRINGHAM | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
Common Pleas of Columbiana County,
Ohio
Case No. 11 CR 222

JUDGMENT:                                   Affirmed.

APPEARANCES:

For Plaintiff-Appellee:                    Atty. Robert Herron
Columbiana County Prosecutor
Atty. Ryan P. Weikart
Assistant Prosecuting Attorney
105 South Market Street
Lisbon, Ohio  44432

For Defendant-Appellant:              Atty. Richard J. Hura
9 E. Park Avenue
Columbiana, Ohio  44408

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  September 18, 2014

WAITE, J.

{¶1}    Appellant Joseph Eltringham appeals the decision of the Columbiana County Court of Common Pleas to deny a motion for resentencing in a felony criminal case.    Appellant had beaten and robbed a World War II veteran and eventually pleaded guilty to three felonies, including aggravated robbery and felonious assault. Appellant is also a veteran.  He was sentenced to eight years in prison.  Five months after the court filed the conviction and sentencing judgment entry, Appellant filed a motion seeking to be resentenced under a new section of the sentencing statute that would require a sentencing judge to take into consideration a defendant's military service.  The statute, R.C. 2929.12(F), was not yet effective at the time Appellant filed his motion, much less at the time of sentencing.  The court overruled the motion on the grounds that a trial judge has no authority to vacate or modify a sentence once it becomes final.

{¶2}    On appeal, Appellant urges us to use our equitable powers to allow him to be resentenced under the new law because he believes it could reduce his sentence.  We have no authority, equitable or otherwise, to do as Appellant asks. There is no question that a sentencing judge cannot rescind or modify a sentence after it is final and has been journalized.  Appellant is also mistaken that the trial court failed to take into account his military service, because that service is mentioned throughout the sentencing transcript and the court's judgment entry.  Newly enacted R.C. 2929.12(F) does not require any particular outcome.  It simply directs the trial court to consider a defendant's military service.  The record clearly indicates that the

trial court did take into account Appellant's military service at sentencing.  Appellant's assignment of error is without merit and the judgment of the trial court is affirmed.

History of the Case

{¶3}  On August 17, 2011, Appellant's daughter called 911 in East Rochester, Ohio, to report that Appellant came home drunk and covered with blood, and that she thought he had injured a friend of his named Robert Kastelic, an 86-year old veteran of World War II.  At the time of the crime, Appellant was an active member of the Ohio National Guard and had served in the military more than two decades in places such as Iraq and Afghanistan.  Kastelic and Appellant were neighbors in East Rochester, and knew each other through social organizations.  Kastelic also had provided some financial assistance to Appellant's family through the American Legion.

{¶4}  Two officers responded to the 911 call and looked for Kastelic at his home.  When they arrived, they saw signs of a violent struggle but did not find Kastelic.  He was soon discovered laying in a neighbor's yard across the street, the victim of a vicious assault.  Appellant had beaten Kastelic for 30-45 minutes in Kastelic's home, administering blows to the head, face, and midsection.  Kastelic suffered multiple injuries and bled profusely.

{¶5}  Blood was found through Kastelic's house, including in the kitchen, dining room, and bedroom.  Although Kastelic was legally blind and his eyes were swollen shut from the assault, he escaped the attack by climbing through a bedroom window and crawling across a road to a neighbor's house, where he collapsed from exhaustion.  Officers found him lying in a field next to an electric fence and covered in

his own blood, with numerous contusions, lacerations, abrasions, swelling to his face, and a broken rib.

{¶6} While the attack was going on, Appellant stole $400 from Kastelic's wallet and took tools and golf clubs from the garage. He also demanded that Kastelic hand over the title to his car and the deed to his house, and took a strong box full of Kastelic's personal documents. Appellant threatened to come back and kill Kastelic if he told anyone about the attack and robbery. Kastelic spent nearly a week in the hospital recovering, then two more weeks in a rehabilitation center, before being permitted to return home. Thereafter, he required frequent visits from nurses at his home during his recovery, and it took months before he fully regained his independence.

{¶7} On the day of the attack Officers questioned Appellant at his home about the assault. They saw he was covered with blood. He told them that he had been at home at the time of the attack and that the blood was from a cut on his knee. He became belligerent with the officers and was arrested for disorderly conduct. The next morning he continued to insist that the blood was from a knee injury. When confronted with the police statement made by Kastelic, he changed his story and claimed that he had blacked out during the crime.

{¶8} Appellant was indicted on September 29, 2011, for aggravated robbery, R.C. 2911.01(A)(3) (first degree felony); felonious assault, R.C. 2903.11.(A)(1) (second degree felony); and intimidation, R.C. 2921.04(B) (third degree felony). The crimes warranted a possible maximum punishment of 21 years in prison. He entered a plea of not guilty by reason of insanity (NGRI). A forensic analysis was completed,

and Appellant requested an expert to evaluate him for post-traumatic stress disorder (PTSD). Based on the results of the forensic analysis, which indicated that Appellant knew the wrongfulness of his actions, he withdrew his request for a PTSD expert and asked for a second medical analysis to be completed. When it became clear that Appellant was not actually seeking a second forensic opinion on his sanity, but rather, an opinion about PTSD and sundry other medical issues, the court denied Appellant's motion for additional funds. On August 23, 2012, Appellant withdrew his NGRI plea and entered guilty pleas on all three counts. In a written Crim.R. 11 plea agreement, the state agreed to recommend a sentence of ten years in prison.

{¶9} Sentencing took place on November 1, 2012. The court received a number of documents into evidence at sentencing, including a doctor's letter stating that he diagnosed Appellant with PTSD, panic disorder and anxiety state disorder. Both the prosecutor and Appellant's counsel spoke about the military service record of Kastelic and Appellant. The prosecutor recommended a ten-year prison term. The court noted Appellant's military service record and stated that "I don't believe that the offenses that you've now pleaded guilty to define you. I don't believe that the outcome of this hearing will erase your life's honorable accomplishments." (11/1/12 Tr., p. 121.) The court sentenced Appellant to 8 years in prison for aggravated robbery, 8 years for felonious assault, and 36 months for intimidation, to be served concurrently, for a total prison term of 8 years. The court filed its judgment entry of conviction and sentence on November 1, 2012. No appeal was taken of that judgment.

{¶10} On January 7, 2013, Appellant filed a motion seeking to be resentenced pursuant to 2012 HB 197, which would become effective on March 22, 2013. Appellant believed he would receive more lenient sentencing under the new bill because of revisions made to R.C. 2929.12(F) that specifically included military service as a factor at sentencing. On January 23, 2013, the state filed a brief in opposition. The court denied the motion in a judgment entry filed February 4, 2013. The court noted that HB 197 was not yet effective at the time sentence was imposed, that it was not a retroactive statute, and that a trial court is not empowered to modify a final order of sentence, citing *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671. Appellant filed an appeal of the February 4, 2013, judgment entry denying his motion for resentencing.

## ASSIGNMENT OF ERROR

Equity beckons this Honorable Court remand Sgt. Joseph Eltringham's case for re-sentencing.

{¶11} Appellant appeals to the equitable powers of this Court to reverse the trial court judgment and allow him to be resentenced under a sentencing statute that was not in existence when he was sentenced. Appellant claims that 2012 HB 197, particularly the revisions to R.C. 2929.12 contained in that bill, would allow a more appropriate sentence for him as a veteran allegedly suffering from PTSD. 2012 HB 197 added section (F) to R.C. 2929.12, which states: "The sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in

the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses." Appellant believes that the revised law is more favorable to veterans such as himself and that he might receive a reduced sentence under the revised statute. Appellant is mistaken for two reasons.

{¶12} First, a trial court has no authority to vacate or modify a sentence after it has become final and appealable. A criminal sentence becomes a final judgment upon issuance of the sentencing entry and the journalization of the sentence. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus. "Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment." *Carlisle*, *supra*, 131 Ohio St.3d 127, at ¶1, applying *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263. In *Carlisle*, the defendant was sentenced in July of 2007. A year and one-half later, he filed a motion to reconsider and modify his sentence due to severe health problems he was having. The trial court determined that it had the authority to modify the sentence because the defendant had not yet been admitted to prison. The Ohio Supreme Court reversed on the grounds that a trial court has no authority to modify a sentence after a valid final judgment of conviction is journalized, regardless whether the defendant had begun serving the prison term or not. *Carlisle* at ¶11.

{¶13} In this case, final judgment of conviction and sentence was journalized on November 1, 2012. Appellant concedes that the trial court committed no error in sentencing under the law in existence at the time he was sentenced. Appellant simply believes he would have received a more favorable sentence under R.C.

2929.12 as revised by 2012 HB 197 because it would require the trial court to take into consideration his military service and possible mental health problems associated with his military service. The trial court correctly concluded that it did not have authority to modify or vacate the final order of sentencing simply because the sentencing laws had been amended after judgment was entered. Assuming arguendo, that such a thing was possible, it appears clear from this record, however, that the newly enacted R.C. 2929.12(F) would not change Appellant's sentence. The trial court did take into account Appellant's military service and was thoroughly aware of the allegations that Appellant suffered from PTSD. The court mentioned Appellant's military service several times in the judgment entry as a factor in Appellant's favor. The court was in possession of a physician's diagnosis of PTSD. This record is unique in that both the victim and the perpetrator were veterans. The trial court also took into account the military service of the victim, Robert Kastelic, an 86-year old veteran of World War II. That said, the trial court had no authority to revise the final judgment of sentence and properly dismissed Appellant's motion to be resentenced. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.