[Cite as *State v. Kiser*, 2019-Ohio-3603.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. S-17-047 |
| Appellee | Trial Court No. 13CR976 |
| v. | |
| Julian L. Kiser | **DECISION AND JUDGMENT** |
| Appellant | Decided:  September 6, 2019 |

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney, and
Joseph H. Gerber, for appellee.

Russell V. Leffler, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} Defendant Julian L. Kiser, appeals the trial court's September 29, 2017 judgment entry with regard to its imposition of a $10,000 fine.  For the reasons that follow, we reverse the trial court's judgment and modify appellant's sentence in accordance with R.C. 2959.08(G)(2).

## I. Background

**{¶ 2}** The facts underlying this appeal date back to November 21, 2013. On that date, appellant was indicted on one count of trafficking in cocaine, a violation of R.C. 2925.03(A)(1)(C)(4)(g) (Count 1) and one count of possession of cocaine, a violation of R.C. 2925.11(A)(C)(4)(f) (Count 2). Each count constitutes a first-degree felony. Additionally, each count included a major drug offender specification. A first-degree felony conviction for trafficking in cocaine requires imposition of a mandatory fine of not less than $10,000. R.C. 2925.03(D)(1), 2925.18(A)(3)(a). At his first trial, appellant was convicted by a jury on both counts. The counts were merged for purposes of sentencing and on May 14, 2014, appellant was sentenced to serve 11 years in prison. Despite the statutory requirement, no fine was imposed in the May 14, 2014 sentencing entry.

**{¶ 3}** Appellant subsequently appealed his original conviction to this court arguing the evidence introduced against him at trial was collected pursuant to a search warrant based on a constitutionally defective affidavit. Appellant filed a motion to suppress this evidence prior to his trial. The trial court denied his motion. On July 31, 2015, we entered a decision finding the affidavit supporting the search warrant was indeed defective and the trial court erred in denying appellant's motion to suppress. In accordance with this conclusion, we reversed and remanded the matter back to the trial court for further proceedings. *State v. Kiser,* 6th Dist. Sandusky No. S-14-024,

2.

2015-Ohio-3076 (*Kiser I*). The trial court's August 7, 2015 entry, following *Kiser I*, ordered appellant to remain in jail in lieu of bond pending retrial.[1]

{¶ 4} Upon remand, the state sought amendment of the indictment to eliminate Count 2, and ultimately retried appellant on Count 1 only—trafficking in cocaine. The amended indictment retained the major drug offender specification. On November 5, 2015, appellant was convicted at trial on Count 1 and determined to be a major drug offender. The trial court proceeded immediately to a sentencing hearing where appellant was sentenced to serve ten years in prison. Once again, the trial court failed to impose the mandatory fine at appellant's November 5, 2015 sentencing hearing. The fine was also not included in the trial court's sentencing entry which was journalized on November 6, 2015. Following sentencing, the trial court ordered the sheriff to transport appellant to the Ohio Department of Rehabilitation and Correction to begin serving his sentence.

{¶ 5} Appellant appealed his second conviction arguing that there was insufficient evidence to find he was a major drug offender which required the trial court to impose a maximum first-degree felony mandatory prison term under R.C. 2925.03(C)(4)(g). Appellant based his argument on testimony which suggested the cocaine he sold was not pure. He argued the state failed to provide evidence that the actual amount of cocaine, excluding any filler material, exceeded 100 grams, the threshold for being deemed a

---

[1] The order to hold appellant in jail in lieu of bond was not raised in any subsequent proceeding or appeal.

major drug offender. The state's failure to enter any drugs or testing details into evidence at appellant's second trial comported with our *Kiser I* decision suppressing the seized evidence. Without the physical evidence, the state relied on witness testimony to support the major drug offender specification. The testimony only indicated he was in possession of a white, powdery substance but failed to show that the actual amount of cocaine present within that substance, if any, exceeded 100 grams. We agreed with appellant that the evidence introduced at trial was insufficient to support his conviction as to the major drug offender specification. We reversed the trial court's judgment as to that issue and remanded the matter for resentencing without penalties related to the major drug offender specification in our October 14, 2016 decision. *State v. Kiser*, 2016-Ohio-7338, 72 N.E.3d 1080 (6th Dist.) (*Kiser II*). On October 28, 2016, the trial court released appellant on his own recognizance pending the state's appeal of our *Kiser II* decision to the Ohio Supreme Court.

{¶ 6} Contemporaneous with appellant's case, the issue of whether the weight of an entire compound including filler material or only the actual drug included therein could support a major drug offender specification was already pending with the Ohio Supreme Court. In *State v. Gonzalez,* 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 986, the Ohio Supreme Court determined that the state could utilize the weight of the entire compound including any filler material, regardless of the amount of the actual drug present, as evidentiary support for the major drug offender specification. Following its ruling in *Gonzalez*, the Ohio Supreme Court accepted jurisdiction over the state's appeal,

4.

reversed our *Kiser II* decision, and remanded the matter for application of this new standard. On September 22, 2017, we affirmed appellant's November 5, 2015 conviction as there was sufficient testimony to support the appellant was a major drug offender. *State v. Kiser,* 6th Dist. Sandusky No. S-15-030, 2017-Ohio-7799 (*Kiser III*). Relevant to the present appeal, our decision in *Kiser III* affirmed the trial court's prior conviction on the major drug offender specification holding "substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed."

{¶ 7} On September 25, 2017, in light of our *Kiser III* decision, the trial court issued a "Judgment Entry Imposing Balance of Prison Time Pursuant to Appellate Court Ruling." That entry ordered the issuance of a capias warrant for appellant's immediate arrest and incarceration "pursuant to the original sentence imposed, to wit, 10 years in prison." Later that same day, the state filed a "Motion for Issuance of Capias" requesting the trial court issue a capias warrant for appellant's arrest and to have him "brought forthwith before the Court to be resentenced according to the judgment of the Sixth District Court of Appeals." The trial court granted the state's motion.

{¶ 8} On September 29, 2017, the trial court held a new sentencing hearing pursuant to the state's motion and proceeded to impose the same prison sentence and other terms as were included in the November 6, 2015 entry. However, in addition, the trial court ordered appellant to pay the mandatory fine of $10,000 for his conviction despite not having imposed it at the November 5, 2015 sentencing hearing or the

5.

subsequent sentencing entry. Appellant timely filed his notice of appeal from the September 29, 2017 entry and assigns a single error for our review:

IT WAS ERROR FOR THE TRIAL COURT TO IMPOSE A FINE IN THIS CASE.

## II. Law and Analysis

{¶ 9} We review felony sentences under the two-prong approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)(a) relates to whether the record supports certain aspects of imposing a prison term which are not at issue in this appeal. In this case, we are asked to address whether the trial court's imposition of a fine at the September 29, 2017 hearing imposing a stayed sentence and memorialized in the subsequent judgment entry was contrary to law.

6.

{¶ 10} We begin our analysis noting "[a]bsent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment." *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961, N.E.2d 671, ¶ 1. "A criminal sentence is final upon issuance of a final order." *Id.* at ¶ 11 (internal citations omitted). A judgment of conviction is final when it sets forth "(1) the fact of conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." Crim.R. 32(C), *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14. Therefore, if the November 6, 2015 entry was final, it was not subject to modification absent statutory authority. In this case, the facts clearly establish the trial court failed to impose the mandatory fine at the time appellant was originally sentenced following his conviction. The issue, therefore, becomes whether such failure precludes the determination the November 2015 sentencing entry was a final order consistent with *Carlisle*.

{¶ 11} A trial court's failure to impose a mandatory fine in its sentence does not preclude a sentencing order from being a final order. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 38-39. When addressing whether a sentencing order was final when it failed to include mandatory terms, the Ohio Supreme Court stated "[t]he fact that the sentence was illegal does not deprive the appellate court of jurisdiction to consider and correct the error. In fact, R.C. 2953.08(G)(2)(b) expressly authorizes a reviewing court to modify or vacate any sentence that is 'contrary to law.' Clearly, no such authority could exist if an unlawful sentence rendered a judgment

7.

nonfinal and unappealable." *Id.* In light of this conclusion, the lack of a mandatory term in the trial court's entry here does not prevent it from being a final order. Accordingly, we must review the November 6, 2015 entry to determine only if it satisfies the threshold requirements of Crim.R. 32(C) without regard to any errors contained therein.

{¶ 12} In our review of the November 6, 2015 judgment entry, we note appellant was "found by an impaneled jury of twelve to be **GUILTY** to (sic) the crime of **TRAFFICKING IN COCAINE** * * * in violation of **R.C. 2925.03(A)(1)(C)(4)(g)**[.]" (Emphasis sic.) The entry imposed the terms of appellant's sentence including ten years in prison and 5 years of postrelease control. The trial court judge signed the entry and it was journalized on November 6, 2015 at 11:34 a.m. As it included all the necessary requirements described in Crim.R. 32(C), we find that the trial court's 2015 sentencing entry was a final order. *See Lester* at ¶ 14.

{¶ 13} The Ohio Supreme Court has identified two circumstances in which a trial court may modify its final sentencing entry. First, a trial court may modify a previously pronounced sentence when granted statutory authority to do so by the Ohio General Assembly. *Carlisle* at ¶ 1. Second, when a trial court fails to impose a mandatory sentencing term, the Ohio Supreme Court has determined the portion of the sentence addressing the mandatory term is void and subject to modification following direct appeal or collateral attack by any party. *Fischer* at ¶ 40. We first address whether the trial court in this case had statutory authority to modify appellant's sentence.

8.

{¶ 14} In *Carlisle,* the Ohio Supreme Court analyzed scenarios in which the Ohio General Assembly granted trial courts the ability to modify a final sentencing order. *Id.* at ¶ 13-16. For example, R.C. 2947.061 permitted a trial court to impose probation on an offender after they had served a specified portion of their sentence. *Id.* at ¶ 14. R.C. 2929.51 permitted a trial court, up to the time an offender was delivered to the institution where they would serve their sentence, the ability to suspend the sentence and place the offender on probation. *Id.* However, each of these statutes had been repealed by the time *Carlisle* was decided. *Id.* The repeal of those statutes eliminated bases on which the trial court could have modified a previously pronounced sentence. *Id.* at ¶ 16. Without that statutory authority, the Ohio Supreme Court affirmed the default rule that the trial court lacked authority to modify its sentence once a final order had been issued. *Id.* at ¶ 14-16. We reach the same conclusion here.

{¶ 15} The record in this matter shows the trial court had a mistaken belief regarding its need to resentence appellant. Initially, following its judgment being affirmed by this court on September 22, 2017, the trial court issued a warrant for appellant's arrest for imposition of the previously pronounced sentence without ordering him to appear for resentencing. Then, the trial court granted the state's motion for issuance of capias which requested appellant be "resentenced according to the judgment of the Sixth District Court of Appeals." However, there was nothing in this court's decision which required the trial court to resentence the defendant. Further, at the "resentencing" hearing and in its September 29, 2017 entry, the trial court did not identify

9.

any statutory basis on which it was modifying appellant's sentence. The trial court's modification of appellant's sentence on the mistaken belief it was ordered to do so, coupled with the lack of citation to any other statutory authority permitting such modification, shows the trial court did not inform appellant of any basis on which it was ordering the modification. The state likewise failed to identify any such authority either in a filing with the trial court or on appeal.

{¶ 16} Conversely, appellant identified statutory authority which actually prohibited the trial court from modifying its sentence under the facts of this case. R.C. 2949.05 establishes the trial court's duty to impose the remainder of a previously pronounced sentence without modification following appellant's unsuccessful appeal. R.C. 2949.05 states:

> If no appeal is filed, if leave to file an appeal or certification of a case is denied, **if the judgment of the trial court is affirmed on appeal**, or if post-conviction relief under section 2953.21 of the Revised Code is denied, the trial court or magistrate shall carry into execution the sentence or judgment which had been pronounced against the defendant.

R.C. 2949.05 (emphasis added).

{¶ 17} In passing R.C. 2949.05, the Ohio General Assembly chose the term "shall" when describing the trial court's obligation following its judgment being affirmed on appeal. It is well-established that "shall" means must when used in a statute. *State v. Noling*, 153 Ohio St.3d 108, 2018-Ohio-795, 101 N.E.3d 435, ¶ 64. The use of the word

10.

shall "connotes a mandatory obligation unless other language evidences a clear and unequivocal intent to the contrary." *Id.*, citing *Wilson v. Lawrence*, 150 Ohio St.3d 368, 2017-Ohio-1410, 81 N.E.2d 1242, ¶ 13. There is no language in R.C. 2949.05 to suggest a clear and unequivocal intent that the legislature's use of the word "shall" permits any discretion in carrying out the previously announced sentence once the judgment of the trial court is affirmed on appeal. Our decision in *Kiser III*, stating "we find that substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed," left no dispute that the trial court's judgment was affirmed. Therefore, as appellant correctly notes, the trial court had a statutory duty to impose the previously pronounced sentence, without modification, in accordance with R.C. 2949.05.

{¶ 18} The state's response to appellant's assignment of error indirectly concedes this point. Instead of challenging the application of R.C. 2949.05 to appellant's sentence or identifying some other statutory authority allowing the trial court to modify appellant's sentence, appellee argues that the trial court had authority to modify the prior sentence under the "doctrine of extraordinary circumstances." *See State v. Carlisle*, 8th Dist. Cuyahoga No. 93266, 2010-Ohio-3407, ¶ 23, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 5, 462 N.E.2d 410 (1984). The Eighth District recognized extraordinary circumstances as an exception to the law of the case doctrine which would permit a trial court to deviate from an appellate court's mandate when that mandate was rendered void or moot by external circumstances. *Id.* Here, the state attempts to expand this limited exception by

11.

calling the trial court's failure to impose the mandatory fine an extraordinary circumstance. However, our decision in *Kiser III* did not include any mandate from which the trial court could deviate. The extraordinary circumstances exception is simply inapplicable to this appeal. Therefore, we find the trial court lacked statutory authority to modify the November 6, 2015 sentencing entry.

{¶ 19} Without statutory authority to modify the prior sentence, we turn to whether modification of a void portion of appellant's sentence was proper. While not addressed by either party, we address this issue here as it relates to the trial court's ability to enter a judgment that is contrary to law subject to our review established in R.C. 2305.08(G)(2)(b).

{¶ 20} In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the defendant was convicted of aggravated burglary with firearm specifications, among other offenses. *Fischer* at ¶ 2. Fischer appealed these convictions which were affirmed by the Ninth District Court of Appeals in 2003. *Id*. Then, in 2007, the Ohio Supreme Court issued an opinion in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.961, which held that a sentence which omits a mandatory postrelease term is void. *Id*. at ¶ 3. Since his original sentence did not include the mandatory postrelease control, Fischer moved the trial court for resentencing in accordance with *Bezak*. *Id.* The trial court granted Fischer's motion and, at the subsequent resentencing, reaffirmed the prior sentence in addition to imposing the mandatory postrelease control. *Id.* Fischer appealed that sentence arguing that since his original sentence was void under *Bezak,* his first

appeal was a nullity. *Id*. at ¶ 4. Since his first appeal was a nullity, Fischer argued, he was able to raise any issue related to his conviction on appeal from his resentencing. *Id.* The Ohio Supreme Court accepted jurisdiction over Fischer's appeal. *Id.* at ¶ 5.

{¶ 21} In determining how to handle sentences in which the trial court failed to impose a mandatory sentence term, the Ohio Supreme Court recognized that "the only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law." *Id.* at ¶ 22, citing *Colegrove v. Burns,* 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964). Since the trial court in *Fischer* failed to impose mandatory postrelease control as part of its sentence, it had imposed a sentence lesser than that provided for by law. Under *Bezak*, the entire sentence would have been rendered void and the defendant would have been resentenced. In *Fischer,* however, the Ohio Supreme Court amended the *Bezak* holding to establish that the failure to impose a mandatory sentencing term rendered only that portion of the sentence void. *Id.* at ¶ 26. On resentencing, only the void portion of the prior sentence could be addressed while the remaining portion of the sentence remained undisturbed. *Id.* at ¶ 27.

{¶ 22} The Ohio Supreme Court described its holding in *Fischer* as being limited only to cases in which mandatory postrelease control was not ordered. *Id.* at ¶ 31. Despite this limitation, the Ohio Supreme Court later expanded the *Fischer* analysis and its conclusion to a trial court's failure to impose a mandatory driver's license suspension. *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 16-18.

13.

Relevant to this appeal, the Ohio Supreme Court further expanded this holding to include a trial court's failure to impose a mandatory fine. *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 14-16.

**{¶ 23}** Here, appellant's conviction required imposition of a mandatory fine. R.C. 2925.03(D)(1), 2925.18(A)(3)(a). The trial court failed to include the mandatory fine in its November 6, 2015 sentencing entry. As a result, that portion of the sentence was void under the *Fischer* analysis and subject to modification. The corollary issue to be resolved in this appeal, then, is whether the modification of the void portion of appellant's sentence was properly before the trial court.

**{¶ 24}** In *Fischer,* the Ohio Supreme Court identified the mechanisms by which the issues of a void portion of a sentence is subject to correction by the trial court. "[V]oid sentences * * * may be reviewed at any time, on direct appeal or by collateral attack." *Fischer* at ¶ 40. Notably absent from this directive is the Ohio Supreme Court granting authority for a trial court to correct a void portion of a sentence sua sponte. Therefore, if the trial court here wished to modify appellant's sentence, it could only have done so following remand after a direct appeal or following a collateral attack at a subsequent proceeding.

**{¶ 25}** Not surprisingly, appellant did not appeal the November 6, 2015 sentence for purposes of having the $10,000 fine imposed on him. The state likewise did not appeal this issue despite having the right to do so. R.C. 2945.67 provides the general terms on which a prosecutor may appeal in a criminal case. This statute specifically

14.

incorporates R.C. 2953.08, the guidelines for appeals of felony sentencing, to establish the circumstances under which the state can appeal a felony sentence. *See State v. Jama*, 189 Ohio App.3d 687, 2010-Ohio-4739, 939 N.E.2d 1309, ¶ 11 (holding the state has the right to appeal felony sentences in accordance with statute). While the record in this case is replete with appellate practice, it was all commenced by appellant. At no point did the state commence an appeal or cross-appeal of appellant's 2015 sentence to dispute the trial court's failure to impose the mandatory fine. As a result, that issue was never before this court and never subject to modification by the trial court following a direct appeal.

{¶ 26} Having failed to raise this issue on direct appeal, the trial court could only have obtained authority to correct the void portion of appellant's sentence through collateral attack of the same. *Fischer* at ¶ 40. A collateral attack is "[a]n attack on a judgment in a proceeding other than a direct appeal; esp., an attempt to undermine a judgment through a judicial proceeding in which the ground of the proceeding (or a defense in the proceeding) is that the judgment is ineffective." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 17, citing *Black's Law Dictionary* 278 (8th Ed.2004). "The objective of a collateral attack is to modify a previous judgment because it is allegedly ineffective or flawed for some fundamental reason." *Id.* at ¶ 19. No such attack was made against appellant's November 6, 2015 sentence which would permit its modification nearly two years later.

{¶ 27} On September 25, 2017, following our decision in *Kiser III,* the trial court ordered appellant's immediate arrest and incarceration for the balance of the previous

15.

sentence. That entry properly followed the requirements of R.C. 2949.05 by carrying into execution the previously pronounced sentence which had been stayed by the trial court while appeal was proceeding. Later that same day, however, the state filed a motion requesting "Defendant's appellant (sic) bond be revoked and a capias be issued for the arrest of the Defendant to be brought back to be resentenced." The trial court granted the state's motion and brought appellant "before the court for resentencing" on September 29, 2017.

{¶ 28} The state's motion did not attack the validity of the November 6, 2015 sentence regarding the trial court's failure to impose the mandatory fine therein. Instead, the state sought revocation of appellant's bond and asked that appellant be "resentenced according to the judgment of the Sixth District Court of Appeals." The state's motion fails to provide any reason why the November 6, 2015 judgment was "ineffective or flawed for some fundamental reason." *Ohio Pyro* at ¶ 17.

{¶ 29} The lack of a collateral attack against appellant's sentence is a key distinction between the present appeal and the trial court's ability to modify the void portion of a sentence as established in *Fischer*. In that case, the defendant himself filed a motion for resentencing challenging his previously entered sentence as being void in its entirety. While his motion did not have the intended result as it only resulted in the imposition of the previously omitted mandatory postrelease control without disturbing the other portions of his sentence, the motion did provide a collateral attack which permitted the trial court a basis on which to modify its original sentence. The *Fischer* opinion

16.

recognized a motion to correct an illegal sentence as "an appropriate vehicle for raising the claim that a sentence is facially illegal at any time." *Fischer* at ¶ 25. In other words, a motion to correct an illegal sentence constitutes a collateral attack which permits modification of a previously announced sentence. In contrast, a trial court's modification of a void portion of a sentence is procedurally defective without such a motion or other collateral attack. The record here does not reflect any filing which challenges the validity of appellant's sentence.

{¶ 30} Since there was no direct appeal or collateral attack on the November 6, 2015 sentence, the trial court's modification of that entry constitutes a sua sponte modification of a previous final order. The sua sponte nature of this modification is reflected in that appellant's only reason to reappear before the trial court was to commence the sentence it had previously stayed once appellant's bond had been revoked. Such sua sponte modifications are beyond the trial court's jurisdiction which ends once the sentencing entry is final. *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961, N.E.2d 671, ¶ 1. Allowing trial courts to modify a sentence after its judgment has been affirmed on appeal would render R.C. 2949.05 meaningless. In circumstances similar to appellant's, it would also improperly subject defendants who had been granted bond pending appeal to a resentencing hearing without any challenge to the original sentence once that bond was revoked. Therefore, we find this case is distinguishable from *Fischer* as the trial court had no basis on which to modify the previously pronounced sentence.

17.

{¶ 31} Because the trial court lacked statutory authority to modify appellant's November 6, 2015 sentence, and because any error in that sentence was not brought before the trial court on direct appeal or collateral attack, we find the trial court erred in imposing a $10,000 fine on appellant following its previous judgment being affirmed on appeal. Appellant's assignment of error is found well-taken.

### III. Conclusion

{¶ 32} We find appellant's assignment of error well-taken and reverse the judgment of the trial court with regard to its imposition of the $10,000 fine on appellant. Under the authority granted us by R.C. 2953.08(G)(2)(b), we modify appellant's sentence to eliminate the imposition of the $10,000 fine. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and modified.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____
JUDGE
Christine E. Mayle, P.J.

Gene A. Zmuda, J. _____
CONCUR. JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.