JOURNAL ENTRY AND OPINION
{¶ 1} Appellant May J. Bentley ("Bentley") appeals from a jury verdict entered against her and in favor of appellee William Collins ("Collins"). For the reasons adduced below, we affirm.
 {¶ 2} The following facts give rise to this appeal. On September 5, 2001, Bentley was walking in front of a home, located at 3243 West 153 Street in Cleveland, when she tripped and fell over a deviation in the sidewalk and was injured. Collins was the owner of the home and was aware of the deviation which measured approximately one and one-half inches. Prior to Bentley's fall, Collins had obtained an estimate to repair the sidewalk but decided not to repair it.
 {¶ 3} Bentley brought this action against Collins. The case proceeded to a jury trial. Over Bentley's objection, the trial court provided an instruction to the jury on liability which included a definition of the term "private use or benefit" along with additional language discussed below.
 {¶ 4} The jury returned a defense verdict. Bentley has appealed raising one assignment of error for our review which provides:
 {¶ 5} "The trial court committed reversible error in submitting a jury instruction that was an incorrect statement of Ohio law concerning the duty owed by a landowner of private property abutting a public sidewalk."
 {¶ 6} The standard of review we must apply on a claim of improper instructions is to consider the jury charge as a whole and determine whether the charge given misled the jury in a manner materially affecting a party's substantial rights.Kokitka v. Ford Motor Co. (1995), 73 Ohio St.3d 89, 93.
 {¶ 7} The Ohio Supreme Court has stated that "[a] charge to the jury should be a plain, distinct and unambiguous statement of the law as applicable to the case made before the jury by the proof adduced." Marshall v. Gibson (1985), 19 Ohio St.3d 10,12. Further, "[a] charge ought not only be correct, but it should also be adapted to the case and so explicit as not to be misunderstood or misconstrued by the jury." Id. citing AetnaIns. Co. v. Reed (1978), 33 Ohio St. 283, 295.
 {¶ 8} In the instant case, the charge at issue involves the duty and liability of a landowner abutting a public sidewalk to a pedestrian injured thereon. Under Ohio law, it is a generally accepted principle that "an owner of property abutting a public sidewalk is not, generally, liable for injuries sustained by a pedestrian thereon." Kingston v. Austin Dev. Co., (Feb. 5, 1998), Cuyahoga App. No. 72034, quoting Crowe v. Hoffman
(1983), 13 Ohio App.3d 254, 255; Eichorn v. Lustig's, Inc.
(1954), 161 Ohio St. 11, syllabus. However, there are three exceptions to this general rule where a property owner may be held liable:
"(a) a statute or ordinance imposes on such owner a specificduty to keep the sidewalk adjoining his property in good repair;
 "(b) by affirmative acts such owner creates or negligentlymaintains the defective or dangerous condition; or,
 "(c) such owner negligently permits the defective or dangerouscondition to exist for some private use or benefit."
 {¶ 9} Beckerman v. Utovich (Jun. 16, 1988), Cuyahoga App. No. 54049, quoting Crowe v. Hoffman (1983), 13 Ohio App.3d 254, paragraph one of the syllabus; Kingston, supra.
 {¶ 10} Under the charge in this case, the trial court instructed the jury on the general rule of law and the exceptions. With respect to the third exception, the trial court added a definition of the term "private use or benefit," stating the term "means an individual or personal advantage, good, profit, gain, or application."
 {¶ 11} Bentley argues that the court should not have defined what constitutes a "private benefit" as it has not been defined under case law, but is instead a question of fact to be determined by the jury. Bentley further asserts that the use of the definition given by the trial court allowed the court to substitute its judgment for that of the jury on what constitutes a "private use or benefit." Specifically, Bentley claims the term "benefit" could be understood by an ordinary person as including saving money, saving labor, saving time, and saving expense.
 {¶ 12} It is generally accepted that words of ordinary or common usage need not be defined for the jury. State v. Riggins
(1986), 35 Ohio App.3d 1, 8. This is because such terms are typically within the vocabulary of persons of ordinary intelligence. Thus, a jury is often instructed that they may apply the plain and ordinary meaning to such words of common usage.
 {¶ 13} In this case, the court defined the term "private use or benefit." While we agree with Bentley that this was a term of common usage that did not require elaboration to the jury, we will not reverse unless the instruction was so prejudicial that it can be said to have induced an erroneous verdict. Kingston,
supra.
 {¶ 14} In Eichorn v. Lustig's Inc. (1954), 161 Ohio St. 11, syllabus, the Ohio Supreme Court held that "an owner of property abutting on a public street is not liable for injuries to pedestrians from defects in the abutting portion of such street unless such defects are created or negligently maintained or permitted to exist by such owner for his own private use or benefit." The court proceeded to explain as follows:
"Ordinarily, the duty to keep streets, including sidewalks,open, in repair and free from nuisance rests upon a municipalityand not upon the abutting owners. Owners of property abutting ona public street are not liable for injuries to pedestriansresulting from defects in such streets unless such defects arecreated or negligently permitted to exist by such owners fortheir own private use or benefit, such as an open trap door in asidewalk."
 {¶ 15} Id. at 13 (internal citations omitted).
 {¶ 16} Thus, in Eichorn the Ohio Supreme Court clearly referred to the term "private use or benefit" in the context of a use or benefit that the condition itself provides to the landowner. As stated in Beiling v. Loudon (Jun. 28, 1995), Columbiana App. No. 94-C-58, "[a]butting owners are liable for injuries proximately resulting from defects and obstructions in streets and sidewalks created or negligently permitted to exist in connection with the use of the street or sidewalk by the abutting owner for his private benefit." Id. quoting Mudrak v.KKH Realty (Oct. 12, 1994), Belmont App. No. 93-B-31 (rejecting claim that awareness of hazardous flagpole imposed a duty on landowners where there was no evidence that the defendants used the flagpole for their private benefit).
 {¶ 17} As Collins argues, to interpret the term to include saving money by not repairing the defect would render the general rule meaningless. We agree. If this were the case, liability could be established against any landowner who failed to repair a known defect. Such an interpretation is not consistent with the general rule that a landowner has no duty to keep public sidewalks in repair.
 {¶ 18} Accordingly, we find the instruction given was adapted to the facts of the case and was not so prejudicial that it can be said to have induced an erroneous verdict.
 {¶ 19} Bentley also argues the trial court erred by declaring, as a matter of law, that whether Collins knew of the defect and failed to repair it was insufficient for purposes of establishing liability. The actual instruction provided by the trial court was as follows:
"You are further instructed that if you find that thedefendant may have or did know the sidewalk was uneven or raisedand knew or should have known that it may have posed a hazard anddid not repair it, that that finding of fact, on its own, as amatter of law, is insufficient to impute liability to thedefendant. In order to find the defendant liable, you must findone of the three exceptions described for you herein, apply it tothe facts of this case as you find the facts to be."
 {¶ 20} When considering whether particular portions of a trial court's instructions are improper, the instructions must be viewed in their entirety. Kingston, supra. After considering the jury charge as a whole, we do not find the charge given misled the jury in a manner materially affecting substantial rights of Bentley. The instructions were adapted to the facts of the case, did not contain a misstatement of law, and clearly set forth the general rule and the exceptions required to be found for imposing liability.
 {¶ 21} Bentley's assigned error is overruled.
 {¶ 22} The judgment is affirmed.
Judgment affirmed.
Corrigan, A.J. and Ann Dyke, J., concur.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.