[Cite as *State v. Curry*, 2021-Ohio-2746.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200254 |
| | | TRIAL NO. B-1903181 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| ANDRE CURRY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:  August 11, 2021

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1}   Defendant-appellant Andre Curry appeals from the trial court's judgment revoking his community control and imposing a lifetime driver's license suspension.   In a single assignment of error, Curry argues that his sentence was contrary to law because the trial court failed to impose the license suspension as part of his original sentence.  The state concedes the error.

{¶2}   Curry was indicted for failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B), a felony of the third degree under R.C. 2921.331(C)(5).  He entered a guilty plea to a reduced charge of failure to comply, a felony of the fourth degree under R.C. 2921.331(C)(4).  A felony violation of R.C. 2921.331(B) carried a mandatory class two driver's license suspension, for which the trial court was required to impose a definite period of suspension of three years to life.  *See* R.C. 2921.331(E); R.C. 4510.02(A)(2).

{¶3}   The trial court sentenced Curry to a three-year period of community control, with the condition that he complete the River City treatment program and aftercare.  The trial court failed to impose the mandatory driver's license suspension required by R.C. 2921.331(E).  Neither party appealed the sentence.

{¶4}   A community-control violation was filed against Curry, alleging that he refused the River City program's intake interview.  Curry pled guilty to the violation.  The trial court revoked community control and imposed an 18-month prison term and a lifetime driver's license suspension.

{¶5}   As the state concedes, the court's failure to include in its original sentence and sentencing entry the statutorily mandated license suspension rendered that part of the sentence voidable.  *See State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 1.  In order to correct the error, it had to be

raised on direct appeal. *See State v. Emanuel*, 1st Dist. Hamilton No. C-190450, 2021-Ohio-448, ¶ 10. But neither party filed a direct appeal.

{¶6} Curry's sentence on the failure-to-comply charge became final upon the filing of the original sentencing entry and the trial court lacked authority to modify the sentence by imposing the license suspension as part of its sentence for Curry's community-control violation. *See State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 1 and 11.

{¶7} Consequently, we conclude that the license-suspension portion of Curry's sentence on the community-control violation was contrary to law. *See* R.C. 2953.08(G)(2). Accordingly, we sustain the assignment of error and modify the judgment of the trial court to vacate the lifetime driver's license suspension. The judgment of the trial court is otherwise affirmed.

Affirmed as modified.

**BERGERON** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry this date.