[Cite as *State v. Angers*, 2023-Ohio-369.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 111481 |
| v. | : | |
| DANIEL ANGERS, | : | |
| Defendant-Appellant. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** MODIFIED AND REMANDED
**RELEASED AND JOURNALIZED:** February 9, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-636497-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora C. Bryan, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Daniel Angers appeals from the trial court's January 4, 2022 judgment finding him in violation of his community-control sanctions, sentencing him to a nine-month prison term and imposing a two-year driver's license suspension. After a careful review of the facts and pertinent law, we modify the judgment by vacating the driver's license suspension.

**Factual and Procedural History**

{¶ 2} In February 2019, Angers was charged with one count of deception to obtain a dangerous drug, a felony of the fourth degree in violation of R.C. 2925.22. In May 2019, Angers pleaded guilty to an amended count of attempted deception to obtain a dangerous drug, a felony of the fifth degree in violation of R.C. 2923.02 and 2925.22. The trial court sentenced him to five years of community-control sanctions with conditions. The court specifically stated that it "elects to not suspend defendant's driving privileges." The court advised Angers that a "violation of the terms and conditions may result in more restrictive sanctions, or a prison term of 12 months as approved by law."

{¶ 3} In January 2022, the trial court held a community-control-violation hearing. At the conclusion of the hearing, the court found Angers in violation of his community control. The court terminated Angers's community-control sanctions, sentenced him to a nine-month prison term, and imposed a two-year driver's license suspension. Angers filed a motion to reconsider, contending that because the trial court did not originally order a license suspension it was without authority to impose

the suspension for his violation. The state did not oppose the motion. The trial court denied Angers's motion for reconsideration.

{¶ 4} Angers presents the following assignment of error for our review:

> The trial court's imposition of a 2-year license suspension in addition to a 9-month prison sentence it imposed consequent to a finding that the defendant violated his community control sanctions contravenes his right to due process and the explicit dictates of R.C. 2929.15.

**Law and Analysis**

{¶ 5} Appellate review of a trial court's sentencing decision for a community-control violation is the same review for felony sentencing set forth under R.C. 2953.08(G)(2). *State v. Roberts*, 12th Dist. Butler No. CA2019-02-025, 2019-Ohio-4205, ¶ 5. R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶ 6} When an offender violates the conditions of his or her community control, a trial court has the option of imposing "a longer period of community control, a more restrictive community-control sanction, or a prison term of any length within the range of that available for the original offense, up to the maximum that the trial court specified at the first sentencing hearing." R.C. 2929.15(B).

{¶ 7} Angers pleaded guilty to one count of attempted deception to obtain a dangerous drug.  R.C. 2925.22 governs the crime of deception to obtain a dangerous drug.  Relative to sentencing, the statute provides in pertinent part that

> [i]n addition to any prison term authorized or required by division (B) of this section and sections 2929.13 and 2929.14 of the Revised Code and in addition to any other sanction imposed for the offense under this section or sections 2929.11 to 2929.18 of the Revised Code, the court that sentences an offender who is convicted of or pleads guilty to a violation of division (A) of this section may suspend for not more than five years the offender's driver's or commercial driver's license or permit.

R.C. 2925.22(C)(1).

{¶ 8} In its original sentence of Angers, the trial court specifically stated that it opted not to impose a driver's license suspension.  Angers contends that the trial court erred in imposing the license suspension for the community-control violation because (1) the court did not advise him at the original sentencing of the possibility of a driver's license suspension for a violation as required under *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837; and (2) the suspension is not a community-control sanction that can be added as a more restrictive sanction.

{¶ 9} In *Brooks*, the trial court failed to notify the defendant at his sentencing hearing of the prison term that would be imposed if he violated the terms of his community control.  The day after sentencing, the trial court filed a journal entry stating that a violation of the defendant's community-control conditions could lead to "a prison term of 6 to 12 months."  *Id.* at ¶ 1.  The trial court later sentenced the

defendant to an eight-month prison term for violating his community-control sanctions.

{¶ 10} The Ohio Supreme Court accepted the case as a certified conflict for review of the following issue:

> [W]hether or not R.C. 2929.15[B], second sentence, read in pari materia with R.C. 2929.19(B)(5), second sentence, requires that a court sentencing a defendant to a community control sanction must, at the time of such sentencing, notify the defendant of the specific prison term it may impose for a violation of such sanction, as a prerequisite to imposing a prison term on the defendant for such a violation.

*Id.* at ¶ 4.

{¶ 11} The court answered in the affirmative. *See id.* at paragraphs one and two of the syllabus. The Ohio Supreme Court held that in sentencing a defendant to a community-control sanction the trial court must, at the time of the sentencing, notify the defendant of the specific prison term that may be imposed for a violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a subsequent violation. *Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, at paragraph two of the syllabus. The state contends that *Brooks* applies only to prison terms.

{¶ 12} Although *Brooks* is specific to notification of prison terms for violating community-control sanctions, which is one of the options under R.C. 2929.15(B) that a trial court can impose for such a violation, it nonetheless has broader due process implications for situations such as those presented here. Specifically, the *Brooks* court referenced the Ohio Supreme court's decision in *State v. Comer*, 99

Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, wherein the court held that in sentencing a defendant the trial court is required to make the statutorily mandated findings *at the sentencing hearing*, as opposed to solely stating the findings in its written judgment of conviction. *See Comer* at paragraphs one and two of the syllabus.

{¶ 13} The *Brooks* Court stated that "in light of our explicit holding based on *Comer* that compliance with R.C. 2929.19(B)(5) must come at the sentencing hearing, we find that notification generally is deficient when the trial court's statements to an offender of a possible term of imprisonment occurs at a plea hearing and is not repeated at a later sentencing hearing." *Brooks* at ¶ 17.

{¶ 14} Thus, we find *Brooks* instructive on the due process a defendant should be afforded at sentencing. At the sentencing here, the trial court specifically told Angers it would not be imposing a driver's license suspension.

{¶ 15} Moreover, we agree with Angers's contention that a driver's license suspension is not a community-control sanction. R.C. 2925.22, governing the crime of deception to obtain a dangerous drug, provides that a driver's license suspension may be imposed "[*i*]*n addition to* any prison term authorized or required." (Emphasis added.) R.C. 2925.22(C)(1). Community-control sanctions are an alternative to prison. *See State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 23-28. Thus, a sentencing court is required to impose *either* a prison term or community-control sanctions on each count. *Id.* at ¶ 23; *see also State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 79, ¶ 5

(8th Dist.) ("This court has previously held that the sentencing statute does not allow a trial court to impose both a prison sentence and community-control for the same offense.").

{¶ 16} In light of the above, the possibility of a license suspension for a violation of R.C. 2925.22 could only be imposed as part of a defendant's prison sentence; it could not be imposed as a community-control sanction.[1]

{¶ 17} Further, under *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, "[a] criminal sentence is final upon issuance of a final order" *id.* at ¶ 11, citing *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337, 686 N.E.2d 267 (1997), and generally a trial court lacks authority to modify a final criminal judgment. *Carlisle* at ¶ 9, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263. Thus, when a defendant is originally sentenced to a term of community-control, the imposition of a subsequent sentence is actually for the violation of the community-control conditions. *State v. Lawrence*, 3d Dist. Seneca No. 13-01-01, 2001 Ohio App. LEXIS 2156, *4 (May 14, 2001). The trial court could not therefore modify its original sentence to include a license suspension upon Angers's violation of his community-control sanctions.

{¶ 18} The issue in this case appears to be one of first impression for this court. We note, however, that it has been addressed by the First District Court of Appeals in *State v. Curry*, 1st Dist. Hamilton No. C-200254, 2021-Ohio-2746.

---

[1] We further note that R.C. 2929.16, 2929.17, and 2929.18, describing various community-control sanctions, do not provide for a driver's license suspension as a community-control sanction.

In *Curry*, the defendant pleaded guilty to failure to comply, for which the trial court was required to impose a definite driver's license suspension for a period of three years to life. The trial court sentenced the defendant to three years of community-control sanctions, with the condition that he complete a treatment program and aftercare. The trial court failed to impose the mandatory driver's license suspension. Neither party appealed the sentence.

{¶ 19} The defendant later pleaded guilty to a violation of his community-control sanctions and the trial court sentenced him to an 18-month prison term and a lifetime driver's license suspension.

{¶ 20} The defendant appealed and the state, citing *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, conceded that the court's failure to include the statutorily mandated license suspension in its original sentence and sentencing entry rendered that part of the sentence voidable, and it could only have been corrected on direct appeal.

{¶ 21} Further, citing *Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, the First Appellate District found that the defendant's sentence on the failure-to-comply charge became final upon the filing of the original sentencing entry and the trial court lacked authority to modify the sentence by imposing the license suspension as part of its sentence for the defendant's community-control sanctions violation. Consequently, the court held that the license suspension portion of the defendant's community-control violation sentence was contrary to law. *Curry*, 1st Dist. Hamilton No. C-200254, 2021-Ohio-2746, at ¶ 6.

**{¶ 22}** Likewise, here, the license suspension should have been imposed, if at all, at the original sentencing. The trial court did not impose it, the sentence on the sole count became final upon the filing of the original sentencing entry, and the trial court lacked authority to modify it at the sentencing for the community-control violation. Thus, the imposition of the license suspension is contrary to law.

**{¶ 23}** The sole assignment of error is sustained. The trial court's January 4, 2022 judgment is modified to vacate the license suspension. The case is remanded to the trial court to issue a corrected journal entry consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

LISA B. FORBES, P.J., and
MARY J. BOYLE, J., CONCUR