[Cite as *State v. Van Den Eynde*, 2023-Ohio-1790.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 5-22-38

    v.

BONNIE VAN DEN EYNDE,    O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Hancock County Common Pleas Court**
**Trial Court No. 2021 CR 192**

**Judgment Reversed and Cause Remanded**

**Date of Decision:  May 30, 2023**

APPEARANCES:

    *W. Alex Smith* **for Appellant**

    *Phillip A. Riegle* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Bonnie R. Van Den Eynde ("Van Den Eynde") appeals the judgment of the Hancock County Court of Common Pleas, arguing the trial court erred by imposing a prison sanction for a community control violation without having expressly reserved a stated range of prison terms at her original sentencing hearing in compliance with R.C. 2929.19(B)(4). For the reasons set forth below, the judgment of the trial court is reversed.

*Facts and Procedural History*

{¶2} On June 1, 2021, Van Den Eynde was indicted on two counts of trafficking in cocaine in violation of R.C. 2925.03(A), felonies of the fourth degree. She pled guilty to both charges as felonies of the fifth degree. At a sentencing hearing on January 13, 2022, the trial court ordered her to serve five years of community control. The trial court then issued its judgment entry of sentencing on February 11, 2022. However, on November 8, 2022, the trial court found that Van Den Eynde had violated the terms of her community control and revoked this sanction. The trial court then imposed an eleven-month prison term for each of Van Den Eynde's convictions and ordered these sentences to be served consecutively.

*Assignment of Error*

{¶3} Van Den Eynde filed her notice of appeal on December 8, 2022. On appeal, she raises the following assignment of error:

**The trial court erred by imposing a prison sanction for a community control violation when no prison term was reserved at sentencing.**

Van Den Eynde argues that the trial court did not reserve a stated prison term while imposing a community control sanction at her original sentencing hearing. For this reason, she argues that the trial court could not order her to serve a prison term after finding that she had committed a community control violation.

*Legal Standard*

{¶4} "[T]he proper scope of felony sentence review by Ohio appellate courts is set forth in R.C. 2953.08(G)(2)." *State v. Brill*, 2023-Ohio-404, --- N.E.3d ---, ¶ 7 (3d Dist.), quoting *State v. Redmond*, 6th Dist. Lucas No. L-18-1066, 2019-Ohio-309, ¶ 15. *See also State v. Lyle*, 3d Dist. Allen Nos. 1-13-16, 1-13-17, 2014-Ohio-751, ¶ 12. Pursuant to R.C. 2953.08(G)(2), "an appellate court may reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Runion*, 3d Dist. Wyandot No. 16-22-07, 2023-Ohio-254, ¶ 7, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

> Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

*State v. Sullivan*, 2017-Ohio-8937, 102 N.E.3d 86, ¶ 12 (3d Dist.), quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus (1954).

{¶5} R.C. 2929.19(B)(4) governs the imposition of community control sanctions and reads, in its relevant part, as follows:

> If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender *and shall indicate the range from which the prison term may be imposed as a sanction for the violation, which shall be the range of prison terms for the offense that is specified* pursuant to section 2929.14 of the Revised Code and as described in section 2929.15 of the Revised Code.

(Emphasis added.) R.C. 2929.19(B)(4). *See also* R.C. 2929.15(B)(1). Thus, "[w]hen a trial court imposes community control, it must notify the offender of the possible results of a violation of those sanctions." *Lyle* at ¶ 12.

{¶6} "The court must strictly comply with this requirement and specifically state what the possible prison term may be to the offender orally at the time of sentencing." *Lyle* at ¶ 19. "[C]ompliance with R.C. 2929.19(B)([4]) must come at the sentencing hearing * * *."[1] *State v. Angers*, 2023-Ohio-369, --- N.E.3d ---, ¶ 13 (8th Dist.), quoting *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-369, 814

---

[1] At the time that *Brooks* was decided, the provision currently located in R.C. 2929.19(B)(4) was located in R.C. 2929.19(B)(5). *State v. Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, 165 N.E.3d 1088, fn. 3. This provision was relocated on September 30, 2011. *Id.*

N.E.2d 837, ¶ 17.  For this reason, "notification generally is deficient when the trial court's statements to an offender of a possible term of imprisonment occurs at a plea hearing and is not repeated at a later sentencing hearing."  *Angers* at ¶ 13, quoting *Brooks* at ¶ 17.  Further, "notification given in a court's journal entry issued after the sentencing does not comply with R.C. 2929.19(B)[(4)]."  *State v. Yauger*, 8th Dist. Cuyahoga No. 111734, 2023-Ohio-815, ¶ 11, quoting *Brooks* at ¶ 11.

{¶7} "Compliance with R.C. 2929.19(B)(4) is a prerequisite to imposing a prison term for a community control violation."  *State v. Clinton*, 2d Dist. Montgomery No. 29267, 2022-Ohio-717, ¶ 14.  "When a sentence fails to include a mandatory provision, such as the notification provision under R.C. 2929.19(B)(4), it may be appealed because such a sentence is 'contrary to law' and is also not 'authorized by law.'"  *State v. Batty*, 2014-Ohio-2826, 15 N.E.3d 347, ¶ 22 (4th Dist.).

> [W]hen a trial court fails to provide proper notice of a specific term to the offender, '[t]he matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option.' * * *.  Although a prison term is not an option at the resentencing, the trial court may choose to impose a longer time under the same sanction or impose a more restrictive sanction.

(Citations omitted.)  *State v. Goldsberry*, 3d Dist. Union No. 14-07-06, 2009-Ohio-6026, ¶ 11, quoting *Brooks* at ¶ 33.

*Legal Analysis*

**{¶8}** At the sentencing hearing on January 13, 2022, the trial court imposed a community control sanction. However, the trial court did not reserve a prison term because it failed to expressly state that Van Den Eynde could receive a prison term for a community control violation and failed to indicate the range of prison terms that was to be reserved for a community control violation. The trial court made several vague references that alluded to the possibility of Van Den Eynde serving time in prison. But it is not clear that the trial court, in making these vague references, was speaking of prison as a consequence for a community control violation, as opposed to being a consequence of a further criminal violation.

**{¶9}** Further, the trial court nowhere indicated the potential duration of this possible prison term or even alluded to a range of prison terms for Van Den Eynde's convictions that was previously discussed at a prior hearing. *See Brooks, supra*, at ¶ 32. A trial court is required to do more than mention the mere possibility of serving time in prison for a community control violation. R.C. 2929.19(B)(4) directs trial courts to "indicate *the range* from which the prison term may be imposed as a sanction for the violation * * *." (Emphasis added.) R.C. 2929.19(B)(4).

**{¶10}** Nebulous references to the possibility of some form of future imprisonment do not "indicate the range" of the prison sentences that may be imposed for a community control violation. R.C. 2929.19(B)(4). *See Brooks,*

*supra,* at ¶ 19 (holding that the trial court shall make this notification "in straightforward and affirmative language"). *See also State v. Johnson*, 6th Dist. Lucas No. L-04-1120, 2005-Ohio-319, ¶ 15-16. At the original sentencing hearing in this case, there was no notification containing the information that the text of R.C. 2929.19(B)(4) expressly requires a trial court to provide to a defendant. To hold otherwise would be to omit the phrase describing what the trial court "shall indicate" from the text of R.C. 2929.19(B)(4). *See Brooks* at ¶ 24.

**{¶11}** The judgment entry of sentencing does state that "[a]ny violation of this sentence [the community control sanction] shall lead to a more restrictive sanction, a longer sanction, or a reserved prison term * * *." (Doc. 35). However, courts have repeatedly held that a later journal entry cannot correct the failure to make the required R.C. 2929.19(B)(4) notification at the original sentencing hearing. *Brooks, supra*, at ¶ 18; *State v. Hatfield*, 164 Ohio App.3d 338, 2005-Ohio-6259, 842 N.E.2d 128, ¶ 8 (2d Dist.); *Batty, supra*, at ¶ 35; *State v. Mobley-Melbar*, 8th Dist. Cuyahoga No. 92314, 2010-Ohio-3177, ¶ 46-47; *State v. Pari*, 9th Dist. Summit No. 28098, 2017-Ohio-4165, ¶ 40. *See also Lyle, supra*, at ¶ 19. Further, even if a later journal entry could cure the absence of an R.C. 2929.29(B)(4) notification at the sentencing hearing, the judgment entry in this case still does not "indicate the range" of the potential prison term that is reserved for a potential community control violation. R.C. 2929.19(B)(4).

**{¶12}** On appeal, the State argues that a recent revision to R.C. 2929.19(B)(4) affects the disposition of this particular issue. Former R.C. 2929.19(B)(4) read, in its relevant part, as follows:

> The court shall notify the offender that, if the conditions of the sanction are violated, * * *, the court may impose * * * a prison term on the offender and shall *indicate the specific prison term* that may be imposed as a sanction for the violation, *as selected by the court from the range of prison terms for the offense* pursuant to section 2929.14 of the Revised Code * * *.

(Emphasis added.) R.C. 2929.19(B)(4). The current version of R.C. 2929.19(B)(4) became effective on September 30, 2021 and reads, in its relevant part, as follows:

> The court shall notify the offender that, if the conditions of the sanction are violated * * *, the court may impose * * * a prison term on the offender and shall *indicate the range* from which the prison term may be imposed as a sanction for the violation, *which shall be the range of prison terms for the offense that is specified* pursuant to section 2929.14 of the Revised Code * * *.

(Emphasis added.) R.C. 2929.19(B)(4). The State argues that, in place of a strict compliance standard, this issue should be reviewed under a substantial compliance standard because now the potential "penalty is * * * a defined range of potential prison time for each and every offense * * *." Appellee's Brief, 5. The State then asserts that the cursory references to a prison term at the sentencing hearing and in the judgment entry constituted substantial compliance with R.C. 2929.19(B)(4).

**{¶13}** We find this argument to be unpersuasive. In *State v. Brooks*, the Ohio Supreme Court concluded that a strict compliance standard should generally be applied to the exact challenge brought in this appeal. *Brooks*, *supra*, at ¶ 32. The

State points to the fact that the Ohio Supreme Court noted that its conclusion in *Brooks* "square[d] with a dominant purpose of current sentencing procedures, truth in sentencing, which aims to eliminate indefinite sentences in favor of specific terms." *Id.* at ¶ 25. For this reason, the State asserts that *Brooks* should not be applied herein now that R.C. 2929.15(B)(4) requires the trial court to "indicate [a] * * * range" rather than a "specific prison term." R.C. 2929.19(B)(4).

{¶14} However, the Ohio Supreme Court did not decide *Brooks* on the basis of a contemporary trend towards imposing specific prison terms. *Brooks* at ¶ 24-25, 27. Rather, *Brooks* was decided on the basis of the text of R.C. 2929.19(B)(4). *Id.* The statutory language that was relevant to the analysis in Brooks remains largely the same. After the revisions, R.C. 2929.19(B)(4) still "uses the word 'shall' to indicate the mandatory nature of this provision." *Brooks* at ¶ 24. This statute is still "clear on its face," unambiguously requiring the trial court to indicate the potential prison sentence that might be imposed for a community control violation. *Id.* at ¶ 24, 25. Finally, the fact that the time reserved is now a range rather than a specified term does not significantly impact the importance of informing an offender of the most severe consequences that a community control violation may carry. *Id.* at ¶ 23, 33.

{¶15} While changing the content of the notification from an announcement of a "specific prison term" to a recitation of the "range of prison terms for the offense," the revisions to R.C. 2929.19(B)(4) have not changed the fact that a trial

court is still required to "indicate" the reserved prison term that may be imposed for a community control violation. R.C. 2929.19(B)(4). In other words, the revisions may affect the content of the notification but do not affect the necessity or manner of the notification. Since the foundations of the *Brooks* decision remain intact, we will continue to follow its directives. Thus, we conclude that the existing case law that explains the steps a trial court must take to "indicate" the reserved prison term remain in force. Because the trial court did not take these required steps in this case, the prison term imposed for Van Den Eynde's community control violation was clearly and convincingly contrary to law.

*Conclusion*

{¶16} In this case, the trial court did not reserve a prison term by "indicat[ing] the range from which the prison term may be imposed as a sanction for the violation." R.C. 2929.19(B)(4). In the absence of such a reservation, the trial court did not have a reserved prison term to impose for the instant community control violation. *See also State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17-19. Because the trial court did not take the steps required to comply with R.C. 2929.19(B)(4), the prison term imposed for the community control violation is a sentence that is clearly and convincingly contrary to law. *Pari, supra*, at ¶ 40. Accordingly, Van Den Eynde's sole assignment of error is sustained.

{¶17} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Hancock County Court of Common Pleas

is reversed. Further, the prison sentence imposed in this case for Van Den Eynde's community control violation is vacated. *State v. Lenhart*, 8th Dist. Cuyahoga No. 108938, 2020-Ohio-2727, ¶ 29-30. This cause of action is remanded to the trial court for a resentencing hearing at which the trial court may impose a longer term for the community control sanctions or may impose a more restrictive sanction. *Brooks*, *supra*, at fn. 2, citing R.C. 2929.15. *See also Fraley* at ¶ 17-19.

***Judgment Reversed
And Cause Remanded***

**MILLER, P.J. and WALDICK, J., concur.**

**/hls**