**[Cite as *State v. Vawter*, 2024-Ohio-131.]**

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

**STATE OF OHIO,**                                              **CASE NO. 5-23-28**

    **PLAINTIFF-APPELLEE,**

  **v.**

**VICTOR A. VAWTER,**                                        **O P I N I O N**

    **DEFENDANT-APPELLANT.**

**Appeal from Hancock County Common Pleas Court**
**Trial Court No. 2022 CR 00003**

**Judgment Reversed and Vacated**

**Date of Decision:  January 16, 2024**

**APPEARANCES:**

    *W. Alex Smith* **for Appellant**

    *Steven M. Powell* **for Appellee**

**WALDICK, J.**

{¶1} Defendant-appellant, Victor A. Vawter ("Vawter"), appeals the June 26, 2023 judgment of the Hancock County Court of Common Pleas, in which the trial court resentenced Vawter due to an oversight at the original sentencing hearing held in 2022. For the reasons set forth below, we reverse.

*Factual and Procedural Background*

{¶2} On January 4, 2022, the Hancock County Grand Jury returned a two-count indictment against Vawter. Count 1 of the indictment charged Vawter with Trafficking in a Fentanyl-Related Compound, a fifth-degree felony in violation of R.C. 2925.03, and Count 2 charged Trafficking in a Fentanyl-Related Compound, a fourth-degree felony in violation of R.C. 2925.03.

{¶3} On January 26, 2022, Vawter was arraigned and he entered initial pleas of not guilty.

{¶4} On March 28, 2022, a change of plea hearing was held. At that time, Vawter withdrew his pleas of not guilty and pled guilty to both counts of the indictment. The trial court ordered a presentence investigation and scheduled sentencing for a later date.

{¶5} On August 18, 2022, a sentencing hearing was held and Vawter was sentenced to a five-year term of community control on each count, to be served concurrently. That sentence was journalized by entry filed on August 19, 2022.

**{¶6}** The August 19, 2022 judgment entry of sentencing states, in relevant part, that "[t]he defendant was informed that violation of any conditions of their community control sanction, violations of law, or leaving the state without the permission of the Court may result in imposition of a reserved prison term on each count from the range of prison terms for the offenses as detailed below", and it was then noted that the reserved prison sentence for Count 1 was in the range of 6 to 12 months and that the reserved prison sentence for Count 2 was in the range of 6 to 18 months. (8/19/22 Judgment Entry, Docket No. 21). However, the transcript of the August 18, 2022 sentencing hearing reflects that the trial court neglected to advise Vawter on the record as to the reserved range of prison terms in the event prison sentences were subsequently to be imposed following a community control violation.

**{¶7}** On June 5, 2023, the trial court filed a judgment entry that reads in relevant part:

> This matter comes before the court on Docket review. The Defendant in this matter was sentenced to community control supervision. As a result of the ruling of the Third District Court of Appeals in *State v. VanDenEynde*, Case No. 5-22-38, issued on May 30, 2023, **IT IS HEREBY ORDERED** that this matter shall come on for **Re-Sentencing** on **June 26, 2023, at 9:00 a.m.**

(Emphasis *sic*.) (6/5/23 Judgment Entry, Docket No. 41).

**{¶8}** In the case referenced by the trial court, *State v. Van Den Eynde*, 3d Dist. Hancock No. 5-22-38, 2023-Ohio-1790, this Court reversed a prison sentence

-3-

that had been imposed following a community control violation because the trial court failed to expressly reserve a stated range of potential prison terms at the time of the defendant's original sentencing hearing, as required by R.C. 2929.19(B)(4) and *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746.

{¶9} In the instant case, it appears from the record that, following the release of this Court's decision in *Van Den Eynde*, the trial court determined it had not adequately given the notice required by R.C. 2929.19(B)(4) to Vawter at his sentencing hearing, and therefore had failed to reserve the right to impose a prison term in the event Vawter should violate his community control.

{¶10} On June 8, 2023, Vawter filed a motion in opposition to the resentencing hearing, asserting that the trial court lacked the jurisdiction and authority to reopen the case and hold a new sentencing hearing at that time. Vawter noted that, pursuant to *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, the trial court would be able to provide the R.C. 2929.19(B)(4) notice at a subsequent community control violation hearing, should one be held. However, because there was no alleged community control violation pending at that time, Vawter argued that holding a resentencing hearing was improper.

{¶11} On June 9, 2023, the trial court filed a judgment entry overruling Vawter's objection to the resentencing. In that decision, the trial court reasoned that it had erred at the original sentencing hearing in failing to notify Vawter pursuant to R.C. 2929.19(B)(4) of the range of prison terms being reserved. Based on that

error, the trial court found Vawter's original sentence to be invalid and therefore ruled that the court was not precluded from revisiting its original judgment of sentencing. The trial court also applied the following rationale to its decision:

> Finally, from a practical standpoint, the proposed resentencing is consistent with what the Defendant acknowledges would be appropriate under *Fraley*. The Defendant acknowledges that the Court could fix this error following a community control violation/revocation hearing. The arguments of the Defendant are therefore that the Court cannot correct the error by resentencing the Defendant, but it would be perfectly acceptable for a violation of community control to be filed for the smallest, most technical violation of the terms of community control, for the Court to find the Defendant to be in violation of community control, and then sentence the Defendant to the exact same terms of community control *and* fix the error. This does not seem to be required by *Fraley* * * * .

(6/9/23 Judgment Entry, Docket No. 44).

{¶12} On June 26, 2023, a resentencing hearing was held and the trial court sentenced Vawter to the same five-year term of community control as had been originally ordered in 2022, upon the same terms and conditions as the original sentence of community control. (6/26/23 Tr., 8-9). The trial court then advised Vawter that, should he violate the terms of community control, he could be subject to more restrictive terms of community control or, alternatively, the trial court could terminate the community control and order Vawyter to serve a prison sentence from within the range of prison terms available for the offenses at issue, being a range of 6 to 12 months on the fifth-degree felony and a range of 6 to 18 months on the fourth-degree felony. (6/26/23 Tr., 9-11).

**{¶13}** On July 18, 2023, Vawter filed the instant appeal. Vawter raises two assignments of error for our review, which we shall jointly address.

### First Assignment of Error

**The trial court erred by sua sponte resentencing appellant when the original sentence was not attacked on direct appeal, nor had a probation violation, nor a mandate from the Court of Appeals.**

### Second Assignment of Error

**Vawter's 2023 resentencing violated the Double Jeopardy Clause of the 5th Amendment.**

**{¶14}** In both assignments of error, Vawter asserts that the trial court erred in resentencing him in June of 2023, after a valid and therefore final sentence had already been imposed in August of 2022.

**{¶15}** Pursuant to R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶16}** At issue in this appeal are the sentencing requirements set forth in R.C. 2929.19(B)(4), and the decisions of the Supreme Court of Ohio that have analyzed and applied those requirements.

R.C. 2929.19(B)(4) reads as follows:

> If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the range from which the prison term may be imposed as a sanction for the violation, which shall be the range of prison terms for the offense that is specified pursuant to section 2929.14 of the Revised Code and as described in section 2929.15 of the Revised Code.

**{¶17}** In *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, the Supreme Court of Ohio examined a prior version of R.C. 2929.19(B)(4), then numbered as R.C. 2929.19(B)(5), which in relevant part provided that, in sentencing an offender to community control, a trial court:

> * * * shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.

**{¶18}** In *Brooks*, the Ohio Supreme Court identified two main issues to consider in evaluating a trial court's compliance with R.C. 2929.19(B)(5): first, the point in time at which the notice must be given and, secondly, the extent of the notice required by the statute and the language that must be used by a trial court when giving the notice. *Brooks*, at ¶ 13. As to the former, the Supreme Court held that "a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *Brooks*, at ¶ 29. The Supreme Court specifically held that this notice must be given "*at the sentencing hearing*" and that "notification given in a court's journal entry issued after sentencing does not comply with R.C. 2929.19(B)(5)." (Emphasis added.) *Brooks*, at ¶¶ 15-18.

**{¶19}** Shortly after the *Brooks* decision was issued, the Supreme Court of Ohio again considered the issue of the timing of the notification required by R.C. 2929.19(B)(5) in *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110. In *Fraley*, the trial court originally sentenced the defendant to community control but did not notify the defendant at the original sentencing hearing of a specific prison term that could be imposed should the terms of community control be violated. *Id.*, at ¶ 1. However, at a subsequent community control violation hearing where the defendant was found to have violated his community control but was continued on community

control, the trial court then informed the defendant pursuant to R.C. 2929.19(B)(5) of the specific prison terms that could be imposed should there be further community control violations. *Id.*, at ¶ 4. The defendant subsequently violated his community control again, and the trial court terminated the community control and imposed a prison sentence, which the defendant then appealed. *Id.*, at ¶¶ 5-7.

{¶20} On appeal, the defendant in *Fraley* argued that the lack of the R.C. 2929.19(B)(5) prison term notification at the original sentencing hearing prohibited the trial court from imposing a prison sentence in the case. *Fraley*, *supra*, at ¶¶ 6-8. When the Supreme Court of Ohio considered the issue, the Court held that when a community control violation occurs, and a defendant is found to have committed a violation, "the court sentences the offender anew [.]" *Id.*, at ¶ 17. Accordingly, the Ohio Supreme Court held that a trial court "could therefore comply with both the sentencing statutes and our holding in *Brooks* if at this second hearing the court notifies the offender of the specific prison term that may be imposed for a subsequent violation occurring after this second hearing." *Id.* On that basis, the Supreme Court found that the trial court in that case was authorized to impose a prison term because the trial court had complied with the notice requirement in R.C. 2929.19(B)(5) by correcting the initial *Brooks* violation at a later sentencing hearing. *Id.*, at ¶19.

{¶21} In the instant case, as previously noted, the trial court relied on the decision of the Supreme Court of Ohio in *State v. Fraley*, *supra*, in overruling

Vawter's objection to being resentenced. We find that the trial court interpreted *Fraley* too broadly. The *Fraley* decision does not authorize or support holding the resentencing that occurred in this case, even though, as the trial court pointed out, *Fraley* clearly authorizes correcting the R.C. 2929.19(B)(4) notice at a community control violation hearing, should there be one.

{¶22} As detailed above, the Supreme Court of Ohio determined in *Fraley* that a *Brooks* violation at an initial sentencing hearing could be subsequently remedied by providing the R.C. 2929.19(B)(5), now R.C. 2929.19(B)(4), notice at a subsequent community control violation hearing. However, the decision in *Fraley* was based strictly on the rationale that a community control violation hearing constitutes another sentencing hearing and, therefore, notifying a defendant at such a hearing of the prison term that may be imposed for a subsequent community control violation satisfies the requirement that the notice be given at the sentencing hearing. We find nothing in the *Fraley* decision that supports the proposition that a new sentencing hearing can be held for the sole purpose of correcting a *Brooks* violation that occurred at the original sentencing.

{¶23} Our decision here is also guided by the well-established rule that "trial courts lack authority to reconsider their own valid final judgments in criminal cases." *State ex rel. White v. Junkin,* 80 Ohio St.3d 335, 338, 686 N.E.2d 267 (1997), citing *State ex rel. Hansen v. Reed,* 63 Ohio St.3d 597, 589 N.E.2d 1324 (1992). That rule stems from the fact that the Double Jeopardy Clause protects a defendant's

right to finality for an acquittal and prevents multiple punishments for the same conviction. *Brook Park v. Necak*, 30 Ohio App.3d 118, 506 N.E.2d 936 (1986), citing *Benton v. Maryland*, 395 U.S. 784, 795-796, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

{¶24} In the instant case, notwithstanding the general rule concerning the finality of judgments in criminal cases, the trial court reasoned that a resentencing hearing was appropriate because the original sentence was invalid due to the error at the original sentencing hearing in failing to notify Vawter of the prison terms being reserved pursuant to R.C. 2929.19(B)(4). For that reason, the trial court found that it was not precluded from revisiting its original judgment of sentencing.

{¶25} In that regard, we note that there was previously a line of Ohio Supreme Court precedent that may have supported the trial court's rationale that such an error at sentencing rendered the sentence void and therefore not final. See, *e.g.*, *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795. However, the Supreme Court of Ohio "realigned" its "void-sentence jurisprudence" in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784. Pursuant to *Harper* and *Henderson*, "sentences based on an error" are voidable, not void, "if the court imposing the sentence has jurisdiction over the case and the defendant." *Henderson*, at ¶ 1; *see also Harper* at ¶ 4. If a sentencing error renders a defendant's sentence voidable,

the error must be challenged on direct appeal, or the sentence will be subject to res judicata. *Harper*, at ¶ 43.

**{¶26}** In this case, there is no claim that the trial court lacked subject-matter jurisdiction over Vawter's case or personal jurisdiction over Vawter himself when he was originally sentenced in August of 2022. Accordingly, even assuming arguendo that the *Brooks* error at sentencing rendered the sentence voidable, the sentence was not challenged on direct appeal. As a result, Vawter had a legitimate expectation of finality in his sentence when that original sentence was imposed in 2022, and the protections of the Double Jeopardy Clause prohibited the trial court from reopening the case in 2023 to reconsider or amend the final judgment previously entered.

**{¶27}** We therefore sustain Vawter's two assignments of error.

*Conclusion*

**{¶28}** Having found error prejudicial to the defendant-appellant, Victor A. Vawter, in the particulars assigned and argued, the June 26, 2023 judgment of the Hancock County Court of Common Pleas is reversed and vacated.

***Judgment Reversed and Vacated***

**WILLAMOWSKI, P.J. AND ZIMMERMAN, J., concur**