[Cite as *State v. Charleston*, 2026-Ohio-1787.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | :    C.A. Nos. 30605; 30606 |
| Appellee | : |
| | :    Trial Court Case Nos. 2024 CR 02183; |
| v. | :    2023 CR 03667 |
| | : |
| ZION CHARLESTON | :    (Criminal Appeal from Common Pleas |
| | :    Court) |
| Appellant | : |
| | :    **FINAL JUDGMENT ENTRY &** |
| |     **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 15, 2026, the judgment of the trial court is affirmed as modified in Case No. 2023 CR 03667. The judgment of the trial court is affirmed in Case No. 2024 CR 02183.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

MICHAEL L. TUCKER, JUDGE

EPLEY, J., and HUFFMAN, J., concur.

ROBERT ALAN BRENNER, Attorney for Appellant
MICHAEL P. ALLEN, Attorney for Appellee

TUCKER, J.

{¶ 1} Zion Charleston appeals from the trial court's revocation of community control in Case Nos. 2024 CR 2183 and 2023 CR 3667 and its imposition of an aggregate 60-month prison sentence along with concurrent lifetime driver's license suspensions.

{¶ 2} Charleston contends the statutory purposes of felony sentencing obligated the trial court to impose the minimum sanction necessary and did not support an aggregate 60-month prison term. He also claims the trial court erred in imposing a "mandatory lifetime suspension" of his driver's license in both cases. He asserts that the trial court had discretion to impose suspensions as short as three years.

{¶ 3} For the reasons set forth below, we find no merit in Charleston's argument about the length of his prison term. Regarding the driver's license suspensions, a mandatory lifetime suspension was proper in Case No. 2024 CR 2183. As a result, we affirm the trial court's judgment in that case.

{¶ 4} In Case No. 2023 CR 3667, the trial court erred in changing a previously imposed three-year suspension to a mandatory lifetime suspension. We modify the trial court's judgment in Case No. 2023 CR 3667 by vacating the lifetime suspension and reinstating the originally imposed three-year suspension. As modified, we affirm the judgment in Case No. 2023 CR 3667.

## I. Background

{¶ 5} In Case No. 2023 CR 3667, Charleston pleaded guilty to one count of failure to comply with an order of signal of a police officer and two counts of child endangering. The trial court sentenced him to five years of community control with a three-year driver's license suspension. In Case No. 2024 CR 2183, Charleston later pleaded guilty to a new charge of failure to comply with an order or signal of a police officer. The trial court nevertheless continued him on community control in Case No. 2023 CR 3667. It also placed him on five years of community control in Case No. 2024 CR 2183.

{¶ 6} In August 2025, the trial court revoked community control in both cases based on a domestic violence conviction and Charleston's failure to meet with his parole officer after an arrest warrant was issued. The trial court imposed a 24-month prison term for the failure-to-comply conviction in Case No. 2023 CR 3667 along with current sentences for child endangering. In Case No. 2024 CR 2183, the trial court imposed a 36-month prison term. Under the failure-to-comply statute, the sentences in the two cases were required to be served consecutively, resulting in an aggregate 60-month prison term. Regarding the driver's license suspensions, the trial court stated: "Your driver's license is, if it's not already, it is suspended for the remainder of your life. It's a lifetime—mandatory lifetime suspension."

{¶ 7} In support of its sentencing decision, the trial court indicated that it had considered the statutory principles and purposes of felony sentencing as well as the statutory seriousness and recidivism factors. Regarding the purposes of felony sentencing, the trial court noted that under R.C. 2929.11 it had been "guided by the overriding purposes of felony sentencing to protect the public from future crime by the Defendant, to punish the Defendant, and to promote the effective rehabilitation of the Defendant, including using

3

minimum sanctions to accomplish those purposes without unnecessarily burdening governmental resources."

## II. Analysis

**{¶ 8}** Charleston's first assignment of error states:

**THE TRIAL COURT ERRED BY IMPOSING A 60 MONTH PRISON TERM IN VIOLATION OF R.C. 2929.11.**

**{¶ 9}** Charleston challenges his aggregate 60-month prison sentence on the basis that it "far exceeded the minimum required to meet the goals of felony sentencing" under R.C. 2929.11. In support, he notes that he completed the "STAR program" while on community control and obtained his high school diploma and an electrician's license. He attributes his failure to see his parole officer to the warrant issued for his arrest on the domestic violence charge. Based on these facts, he insists an aggregate 60-month sentence was unnecessary to satisfy the statutory purposes of felony sentencing.

**{¶ 10}** Upon review, we find Charleston's argument to be unpersuasive. It is well settled that "R.C. 2953.08(G)(2)(b) does not permit a reviewing court to vacate or modify a sentence 'based upon its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.'" *State v. Smith*, 2025-Ohio-2086, ¶ 59 (2d Dist.), quoting *State v. Jones*, 2020-Ohio-6729, ¶ 39. Here the trial court examined the record and determined that its sentence was consistent with the purposes of felony sentencing and was appropriate in view of the statutory seriousness and recidivism factors. We are not authorized to review the record on those issues or weigh the evidence to reach a different conclusion. *Id*. at ¶ 60. Accordingly, the first assignment of error is overruled.

**{¶ 11}** The second assignment of error states:

**THE TRIAL COURT ERRED WHEN IT SUSPENDED CHARLESTON'S DRIVER'S LICENSE FOR A MANDATORY LIFETIME SUSPENSION WHEN HE DID NOT FACE A MANDATORY LIFETIME SUSPENSION.**

**{¶ 12}** Charleston contends the trial court erred in imposing a "mandatory lifetime suspension" of his driver's license. He claims the trial court possessed discretion to impose a suspension as short as three years. Because the trial court characterized a lifetime suspension as "mandatory," he argues that it failed to exercise its discretion. He asks us to vacate the lifetime suspension so the trial court can consider a shorter term.

**{¶ 13}** Charleston's original judgment entry imposing community control in Case No. 2023 CR 3667 included a three-year driver's license suspension. The original judgment entry imposing community control in Case No. 2024 CR 2183 did not impose a driver's license suspension. When later sentencing Charleston upon revocation of community control in both cases, the trial court explained his aggregate 60-month prison sentence and stated that it was imposing a "mandatory lifetime suspension" of his driver's license. The trial court then filed new judgment entries in 2023 CR 3667 and 2024 CR 2183. Both entries included the following license-suspension language: "The Court hereby **SUSPENDS** Defendant's driver's license, for a term of **LIFE**."

**{¶ 14}** The penalty for Charleston's failure-to-comply conviction in 2023 CR 3667 included a mandatory driver's license suspension for a definite period of three years to life. *See* R.C. 2921.331(E) and 4510.02(A)(2). The trial court properly imposed a three-year suspension when placing him on community control. Because of that prior offense, the penalty for Charleston's subsequent failure-to-comply conviction in 2024 CR 2183 included a mandatory lifetime driver's license suspension. *See* R.C. 2921.331(E) and 4510.02(A)(1).

5

Although the sentencing entry placing Charleston on community control in 2024 CR 2183 did not include a driver's license suspension, the trial court imposed concurrent lifetime suspensions in both cases when revoking community control.

{¶ 15} On appeal, Charleston does not challenge the trial court's authority to impose a driver's license suspension in either of the two cases when revoking community control. As a result, we need not consider whether the trial court properly added the missing suspension in 2024 CR 2183. *Compare State v. Curry*, 2021-Ohio-2746, ¶ 5-6 (1st Dist.) ("[T]he court's failure to include in its original sentence and sentencing entry the statutorily mandated license suspension rendered that part of the sentence voidable. . . . Curry's sentence on the failure-to-comply charge became final upon the filing of the original sentencing entry and the trial court lacked authority to modify the sentence by imposing the license suspension as part of its sentence for Curry's community-control violation."). Charleston argues only that the trial court possessed discretion to impose a suspension of between three years and life when revoking community control. He contends the trial court erred in characterizing a lifetime suspension as "mandatory," revealing that it did not exercise its discretion.

{¶ 16} In response, the State correctly notes that plain-error review applies because Charleston did not object to the license suspensions below. Under Crim.R. 52(B), we have "discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *State v. Rogers*, 2015-Ohio-2459, ¶ 22. Plain error requires an obvious defect in the proceedings that affected a defendant's substantial rights by impacting the outcome in a prejudicial way. *Id*.

6

{¶ 17} Upon review, we find Charleston's argument to be persuasive, in part, and find plain error. In Case No. 2023 CR 3667, the trial court exercised its discretion and imposed a three-year driver's license suspension when placing him on community control. We are unaware of any authority for modifying that aspect of his sentence upon revoking community control. A license suspension imposed under R.C. 2921.331(E) is a component of a felony sentence, not a community control sanction that may be modified. *State v. Bakos*, 2023-Ohio-2827, ¶ 21-26 (11th Dist.) (recognizing a driver's license suspension as part of a felony sentence); *State v. Johnson*, 2025-Ohio-149, ¶ 35 (1st Dist.) ("A suspension of the defendant's driver's license is part of 'the maximum penalty involved' . . . ."). Moreover, even if the trial court could modify the length of the suspension when revoking community control, it would have discretion under R.C. 2921.331(E) and 4510.02(A)(2) to impose a suspension for a definite period of three years to life. Therefore, the trial court erred in Case No. 2023 CR 3667 when it filed a judgment entry revoking community control and imposing a "mandatory" lifetime driver's license suspension. The error was "obvious" given the absence of any arguable legal authority to impose a mandatory lifetime suspension. Charleston also was prejudiced in Case No. 2023 CR 2667 by having a three-year suspension increased to an improper "mandatory" lifetime suspension.

{¶ 18} In Case No. 2024 CR 2183, the penalty for Charleston's subsequent failure-to-comply conviction included a mandatory lifetime driver's license suspension under R.C. 2921.331(E) and 4510.02(A)(1). Consequently, as to that case, we reject his argument that the trial court possessed discretion to impose a shorter suspension term.

{¶ 19} Based on the reasoning set forth above, the second assignment of error is sustained in part and overruled in part. The second assignment of error is sustained insofar as it challenges the trial court's imposition of a mandatory lifetime driver's license suspension

7

in Case No. 2023 CR 3667. The second assignment of error is overruled insofar as it challenges the trial court's imposition of a mandatory lifetime driver's license suspension in Case No. 2024 CR 2183.

## III. Conclusion

{¶ 20} The trial court's judgment in Case No. 2023 CR 3667 is modified by vacating the lifetime driver's license suspension and reinstating the originally imposed three-year suspension. As modified, the judgment in that case is affirmed.

{¶ 21} Finally, the trial court's judgment in Case No. 2024 CR 2187 is affirmed.

. . . . . . . . . . . . .

EPLEY, J., and HUFFMAN, J., concur.